MRS. MALINE LEHMAN ET AL. *v*. E. B. GEORGE.

[56 South. 167.]

ESTATES OF DECEDENTS. *Probation of claims. Amendments.*

Where a claim is not probated against the estate of a decedent as required by law, its registration does not stop the running of the statute of limitations, and after the bar of the statute of limitations has attached the probate cannot be amended.

APPEAL from the chancery court of Forrest county.
HON. T. A. WOOD, Chancellor.

Proceedings by E. B. George against Mrs. Maline Lehman et al. for the allowance of a claim against a decedent's insolvent estate. From a decree for claimant appeal is taken.

The facts are sufficiently stated in the opinion of the court.

*Stevens, Stevens & Cook,* for appellant.

We respectfully submit that the court in the former decision referred to above, rendered on the former appeal, disallowed this claim and that this disallowance is

*res adjudicata* and precludes the appellee from any further rights based thereon.

In the next place the court held that the claim was not probated as is required by section 2106, Code of 1906, and the claim not having been legally presented, registered, probated and allowed within one year after the first publication of notice to creditors to present their claims, as is required by section 2107 of said code, was barred. It is to be noted in this connection that the action taken by the lower court in its decree of March 18, 1911, if sustained, nullifies section 2107, *supra*. The decree directs the clerk to probate and allow the claim when amended in accordance with the motion, and pursuant to this direction an entirely new probation of the claim is had. The claim proven on March 18, 1911, and probated, allowed and registered on said date, is in effect a new claim legally against a decedent more than three years after the first publication of notice to creditors, for notice to creditors was published in December, 1907, by N. T. Currie, Master in Chancery, notifying creditors that claims against the estate would be examined and objections thereto heard by him on Monday, the 20th day of January, 1908. This would clearly nullify section 2107, *supra*.

Furthermore, the action of the lower court was not only erroneous in that it permitted the proof, probation, allowance, and registration of this claim long after the time for such action had expired, but it is further erroneous in that if the proof be distorted into an amendment, which would be violence to all reason, it presents an entirely new and different cause of action or basis of liability from the claim as originally proven on October 9, 1907. We can perceive of no reason why a claimant against the estate of a decedent should be allowed any more latitude in reference to amendments that an ordinary litigant in a law court, and such a litigant would not be permitted even before an appeal to the supreme

court and a reversal to so amend his declaration or basis of action as to completely change the same. We do have in mind reasons why a much more exacting rule should be applied in matters of decedent's estates. The very purpose of the requirement for the claims to be probated within a year is to enable parties interested to know the nature of the claim and inquire into the validity and justness, etc., of the same; and this aim would be entirely defeated if the claimant is permitted to prove one sort of claim within the year and then after waiting until records or memory make it impossible to get at the actual facts, make out an entirely different claim from that originally proven. The court on the former trial held, as we understand it, that the former proof was insufficient to apprise those interested as to the nature of the claim, and therefore failed to meet the requirements of the statute. The claim, as we view it, as it now stands under the probation of March 18, 1911, is in the same attitude as if no probation at all was made before that date, and is therefore barred both by the one year statute of limitation and by the general statute of limitation.

*Hathorn & Hearst,* for appellee.

The question presented to the court in this appeal is whether it was error for the chancery court to permit the claimant to amend the original probate of his claim by attaching thereto and making a part thereof the itemized statement of the same.

We have carefully read the brief prepared by counsel for appellant and we think a fair statement of their contention is that the amendment of this claim, as asked for by the appellee and allowed by the chancery court, was, in effect, the presentation of an original claim, or at any rate was a different claim from the original claim. and, in as much as the time for the probation of claims had expired, the amendment was too late and the court

was without authority to permit the same. In this contention, we think counsel for appellant are in great error. The amendment did in no wise present a new or different claim from the original one, nor did it in any sense change or alter the nature of the original claim; the whole effect of the amendment was to perfect the insufficient probate of the original claim. The truthfulness of this statement is shown by reference to the original and to the amendment, and we submit that it is so clearly shown by the original probate and the amendment that appellee did not undertake to probate a new or different claim nor change the nature of the old claim that we will not burden the court with any argument on this point.

Now, this is not a case where there was a total lack of any probation, in which case we admit that claimant would not be permitted to make such an amendment; but in this case the probate was in almost every particular valid, and was, we submit, slightly defective, and all that it needed to make it valid was (as Judge Mayes in his dissenting opinion in the former appeal, and the statement is nowhere controverted, well said, in effect) to add to the original probate an itemized statement of the claim, and this is precisely what the claimant did by his amendment. It is purely and simply an amendment to an imperfect probate of a meritorious and just claim.

Section 175 of the Code of 1906 authorizes the courts of law to allow all amendments to pleadings and proceedings at any time before verdict so as to bring the merits of the controversy between the parties fairly to trial. Such amendments are permitted any time before verdict even in a circuit court, and the rule in a court of equity has always been and should be to allow more liberal amendments than the law courts do where rigid rules of pleading are required to be observed, and under the statute mentioned and the just and equit-

able rules of the court, the custom and practice is now universal that the courts will permit any amendments where to do so the ends of justice will be subserved, and we submit that if there ever was an occasion where justice and equity would be promoted by permitting an amendment, this is one of those occasions, because to permit the amendment the claimant will be allowed to receive his pro rata of the dividends of the estate against which he has a claim that is nowhere denied to be just and meritorious and honest, but on the contrary is positively shown to be a just claim against the estate. If in fact the amendment is not allowed, this meritorious claim will be disallowed on the merest kind of technicality.

Where a declaration is insufficient at law, or a bill in equity or any other pleading as for that matter, and a demurrer is filed and the question finally reaches the supreme court, the courts will then, on reversal, permit the parties to amend the declaration or bill or other pleading even where the declaration or bill fails to state the cause of action sufficiently and even after the statute of limitations may have run against the cause of action presented by bill or declaration; this rule has been uniformly adhered to and is so generally practiced that we suppose it is almost a matter of right now for parties to make such amendments. We take it that there is absolutely no difference in principal presented on this appeal from that allowing amendments in the cases illustrated above; in other words the objection to the probate of the claim because of its insufficiency in law was in legal effect the same as a demurrer to a bill in equity because of its insufficiency, and we challenge counsel for appellants to show any difference in legal effect of the principal in the two cases and to show any reason why any different rule should govern in one case from that governing in the other; could it be contended that if the case at bar had been in the attitude of claimant

filing a bill in chancery and the appellant having demurred thereto, and the supreme court had sustained the demurrer, the complainant would not have had the right to amend his bill? We think not. And yet that is, in effect, the contention made by appellant in this case.

We think the court in permitting this amendment was following the authority given by the statute cited above, and was also exercising that broad discretion which is always given to the court in allowing amendments, and in allowing the same the court was only promoting the ends of justice which the nature of the case demanded.

The best authority that we have been able to find, and the only one which we think is directly in point, is the case of *Hutchinson, Trustee,* v. *Otis, Wilcox Co.*, decided by the Supreme Court of the United States June 1, 1903, and reported in 10 Amer. Bankruptcy Report, 6. 135 *et seq.* By analogy this case is identical with the case at bar, in that it is a case where an amendment was sought to be made to the proof of a claim in bankruptcy and the court allowed the amendment, this amendment having been filed after the expiration of the time allowed by the federal statute for the probation of claims in bankruptcy, the court said, in that opinion, among other things:

"It is argued that the allowance of the amendment is within section 57-n forbidding proofs subsequent to one year after the adjudication, etc. The construction contended for is too narrow. The claim upon which the original proof was made is the same as that ultimately proven. The clause relied upon cannot be taken to exclude amendments. An example similar in principle is the allowance of an amendment setting up the same cause of action after the statute of limitations has run, when the original declaration was bad."

We submit, therefore, that the action of the court in allowing this amendment was proper, and that this case should be affirmed.

SMITH, J., delivered the opinion of the court.

This cause was considered by us once before under the style of *Lehman* v. *Powe,* 95 Miss. 446, 49 South. 622, wherein we held that appellee's claim had not been probated in the manner required by law. Its registration, therefore, did not stop the running of the statute of limitations, and consequently, before the application to amend was made, the claim had become barred. *Cheairs* v. *Cheairs,* 81 Miss. 662, 33 South. 414. The decree of the chancellor recited that: "The said E. B. George is permitted to amend the probation of his said claim in the manner and form and in the matters and things sought and set out in his said motion, and to file the said amendment with the clerk, and the clerk is directed to probate and allow the said claim when so amended." We are not called upon to decide whether or not the chancellor has the power to enter a decree of this character where the statute of limitations is not involved; for he is, of course, without such power when the claim, the probate of which is sought to be amended, has become barred by the statute of limitations. To hold otherwise would result in the nullification of the statute.

The decree of the court below is reversed, and decree here dismissing appellee's petition for leave to amend.

*Reversed.*