Stevens v. D. R. Dunlap Mercantile Co.

[67 South. 160.]

1. Executors and Administrators. *Settlement of estates. Notice to creditors. Sufficiency. Publication. Wills. Trust for payment of debts. Probate.*

 Under Code 1906, section 2103, requiring an administrator to give notice requiring creditors to have their claims probated and registered, by the clerk within one year, a notice to the creditors of a decedent's estate which states the appointment of an administrator, and declares that "notice is hereby given to all creditors having claims against said estate to present same to the clerk of said court for probate and registration, according to law, within one year from this date, or they will be forever barred" and bearing a date and signed by the administrator, is sufficient.

2. Same.

 Where the proof of publication of a notice to creditors shows that the notice was published in three weekly issues of a county paper on the.dates June 3, June 10, and June 17, following, it was a sufficient publication of the notice, though there was not three weeks between the first and last publication, since Code 1906, section 1607, so provides.

3. Wills. *Trust for payment of debts.*

 Where a testator, by his will, directs that his debt shall be paid by his executor and empowers the executor, after the payment of his debts, to sell real estate for "the purpose of division or otherwise, without any order of court," and to make deed to the pur-

chasers as executor, this does not create an express trust for the payments of debts, and creditors must ·probate, and register their claims as required by law.

4. EXECUTORS AND ADMINISTRATORS. *Establishment of claims. "Probate."*

Under Code 1906, section 2105, providing that an administrator shall not pay any claim against his decedent unless the same has been probated, allowed and registered, and under section 2106, prescribing the method by which such claims shall be probated, allowed and registered, a claim without any endorsement whatever thereon by the clerk showing that it was probated, allowed and registered is not sufficient to constitute a valid claim against the estate or a legal voucher for the administrator in his settlement.

.5. SAME.

The word "probate" means that the claim has, in the judgment of the clerk, been proven in the manner required by law.

APPEAL from the chancery court of George county.

HON. H. P. HEIDELBERG, Special Chancellor.

Petition by John C. Stevens, administrator of J. B. Stevens, deceased, against D. R. Dunlap Mercantile Company. From a decree of dismissal, rendered on sustaining a demurrer to the petition, petitioner appeals.

The facts are fully stated in the opinion of the court.

*Watkins & Watkins* and *Stevens & Cook,* for appellant.

Since the appellant has filed its brief in this case, the decision in the case of *Cohn* v. *McClintock,* 66 So. 217 has been rendered. If any further authority was necessary, this case effectually and forever disposes of the contention of appellee that any trust was created by the decedent in his last will and testament for the payment of his debts which would have the effect of dispensing with the statutory method of proving claims against his estate. We content ourselves with this additional citation.

It will be noted in this case that the claim sought to be proved by the appellee, indicated record pages 21-23, is not marked filed, and while the clerk seems to have entered the claim on the register of claims, there was absolutely no effort whatsoever to comply with sections 2105-2108, both inclusive. The clerk made absolutely no indorsement upon the claim itself to the effect that the same had been filed, probated or allowed. Appellee's counsel seek to obviate the mandatory provisions above referred to by reference to the case of *Davis* v. *Blumenberg,* 65 So. 503, and the case of *Keifer Bros.* v. *Bank of Commerce,* 53 So. 189. The case of *Davis* v. *Blumenberg,* is readily distinguishable from this case. The clerk in that case made the following indorsement upon the claim itself: "I have this day examined the annexed account, and hereby allow the same for the sum of thirteen dollars and ninety five cents, with the interest from maturity. Given under my hand and seal of said court this the 19th. day of September, 1905.   C. W. CROCKETT, Clerk."

And the court, in holding that this indorsement was sufficient, used the following language: "The word 'probate' in this connection simply means that the account has, in the judgment of the clerk, been proven in the manner required by law, and the fact that he allowed and registered it evidences the fact that he decided that it had been so proven. So that his omission to so certify is immaterial. We do not mean to depart from the strict construction heretofore given this statute, but to hold the certificate here complained of invalid, would be to sacrifice substance to form in a case in which it is manifest that the statute had in all respects been complied with by the persons presenting the claims to be probated, and that the clerk before allowing them had so determined."

Now in this case before the court, we find that there is absolutely no indorsements whatever upon the claim

·of any kind or character. The case of *Keifer Bros.* v. *Bank of Commerce,* is not an authority in this case. The court had before it for construction none of the sec-·tions now under review, but was reviewing section 2117 of the Code relating to the adjudication of claims where an estate has been declared insolvent. In that case, the ·creditor had properly proven his claim, the same had been properly probated by the required indorsement be-ing marked upon the claim, but the original had been lost, and it was a question as to the sufficiency of the proof under section 2117. So the court will see that an . entirely different question was presented.

The duty of the creditor ends, and that of the clerk begins when the claim has been properly "presented" to ·the clerk "for probate and registration according to law." It is no answer to the failure of the clerk to probate the claim which has been duly and legally pre-sented to him for probate and registration according ·to law for such a claimant to say that, because it has complied with a notice to that effect and the clerk has failed in his ·duty, therefore the notice is legally insufficient. And yet that is just what opposing coun-sel contend; that appellee herein presented a proper ·claim and affidavit to the clerk for probate and regis-·tration according to law, as was required by the notice; ·that the clerk ·failed to comply with their request to probate and register the claim according to law; that ·since appellee complied with the requirements of the ·notice it is invalid if the claim is not properly proba-·ted. In so doing they utterly ignore the duty which the law places upon the clerk to whom a claim has been ·so presented. The requirements of the law is for the creditor to "present" the claim to the clerk in due form for probate and registration, etc., not to coerce him into a discharge of his duty. Section 2106. Wheth-er such a presentation was made in this case is not disclosed by this record, and would be a question of

fact for determination in a controversy between the clerk and appellee if appellee considers that the presentation was so made and that it has been damaged by the failure of the clerk to probate its claim.

If these views are correct, that is to say, if the presentation of the claim, in legal form, with proper affidavit attached to the clerk for probate and registration according to law, within one year of the date of the first notice to creditors, is all that is required of the creditor under section 2106, then the notice in this case was sufficient in law; and appellee cannot say that the notice did not tell it what to do. Or to state the same idea differently if, in complying with the notice, appellee complied with its duty under the law, then the notice correctly and fully informed it of what the requirements of the law were as to appellee. But this did not relieve the clerk of the duty he owed appellee, for breach of which he is liable.

The case of *Marshall* v. *John Deere Plow Co.*, 99 Miss. 284, cited by counsel, is not applicable in this case. The notice in that case failed to state the time limit of one year within which the claim must be probated and that a failure to present within that time would bar the claim. Creditors were required "to probate the same (their claims) within the time limited by law or the same will be forever barred." Justice Smith used this language in the Marshall opinion: "One object of the notice is to call attention of creditors, so far as this can be done by publication, specifically to the fact that, in order that their claims may not be barred, they must, within one year, have them probated and registered by the clerk of the court granting the letters of administration." It is manifest that the notice, therefore, was condemned because the words "within the time limited by law" instead of "within one year," were used. The importance of such rule is manifest. No information conveyed by the notice is more impor-

tant than that of the time limit provided by law, within which claims could be probated, and it is therefore highly important that the notice should advise creditors what that limit is.

In the instant case this requirement was met; and a compliance with the notice would have been a compliance with the law, so far as creditors were concerned but not as to the clerk. And the notice advised creditors that a failure to present their claims for probate and registration within one year would forever bar them. They were thus told exactly what to do and the consequences of a failure so to do. There was no misinformation contained in the notice, as appellee's counsel contend. Because presentation of the claim in due form to the clerk for probation and allowance is all that is required of the creditor. The creditor cannot endorse the missing word of probate under discussion here. The clerk must do it. And therefore when the creditors were informed by the notice in this case that a failure to present their claims to the clerk of the court, within one year from the date of the first publication of notice, for probate and registration according to law, their claims would forever bar them, they were informed of all which it was incumbent upon them under section 2106 to do and of the penalty for failure therein. Section 2107 recognizes that the presentation of the claim to the clerk in due form and time is all that section 2106 requires of the creditor when it uses the language "within one year after the first publication of notice to creditors to present their claims."

*Ford, White & Ford* and *Wells, May & Sanders,* for appellee.

It will be observed that the notice published by the appellant to creditors of said estate of two things; first, that letters of administration had been granted to ap-

pellant; and, second, ''all persons having claims against said estate must present the same to the clerk of said court for probate and registration according to law, within one year from this date, or they will be forever barred.'' This notice was not in the proper form. Section 2103 of the Annotated Code of 1906, provides that this notice shall state ''that a failure to probate and register the claim for one year will bar the same.'' Now it appears in this case that appellee has done just exactly what this notice advised it to do, namely, it has presented its claim to the clerk of the court for probate and registration according to law. If this notice, given by appellant to creditors, is sufficient, then we say that the probate of this claim by appellee was sufficient also. If this notice is sufficient, then appellant has no right to contest the probation of appellee's claim, for the reason that appellee is not required to probate its claim until one year after the first publication of a valid notice to creditors to probate their claims. In other words, the matter resolves itself down into this proposition, the appellant is asking the court to disregard all technicalities when considering the sufficiency of this notice to creditors to probate their claims, but is insisting that on the barest technicality in the world that this valid and just claim of appellee shall be defeated. In this matter the appellee is only asking that its rights in this matter shall be measured by the same standard that appellant's rights are. If the court shall hold that this notice to creditors is sufficient then we want the court to hold that this claim of appellee was validly probated, for the reason that appellee did just exactly what this notice required it to do, namely, it did present to the clerk of the court for probate and registration within one year's time its claim. This notice did not advise appellee that the actual probate and registration was necessary, and if the court shall hold that mere presentment is not sufficient, then we

insist that the court should hold that the notice to creditors was void.

In the case of *Marshall* v. *John Deere Plow Company,* 99 Miss. 284, the court held insufficient a notice to creditors in the following form: "Whereas letters of administration on the estate of J. T. Gibbs, deceased, were granted to the undersigned on the first day of April, A. D. 1907, by the chancery court of Clay county, State of Mississippi. Now all persons having claims against the estate of said decedent are hereby notified to probate the same within the time limited by law, or the same will be forever barred."

Now it occurs to us that the notice published in the Marshall-John Deere Plow Company case was a far more substantial compliance with the law than the notice published by the appellant in this case. The notice in the former case was held insufficient for the reason that it failed to state that unless the claims against that estate were probated and registered within one year, that same would be forever barred. That notice did state, however, that a failure to probate same within the time limited by law would have the effect of barring the claim; and the only thing omitted was the failure to state the time in which such probation of claims should be made. Now in this case the notice to creditors did not state that a failure to probate and register same within one year from date would have the effect of barring the claim, but instead it stated that a failure to present the claim for probate and registration within one year would have the effect of barring the claim. The vice in the notice referred to in the Marshall-John Deere Plow Company case was lack of information to creditors; the vice in the notice published by appellant was misinformation to creditors. Creditors of the estate of J. B. Stevens were led to believe that presentment for probate and registration was all that was required, and that they did. We contend that

misinformation in a notice is as equally fatal as lack of information.

Since the briefs were filed in this case, this court has decided, in the case of *Davis* v. *Blumenberg*, 65 So. 503, that a strict compliance by the clerk with the requirements of the statute, are not essential to constitute a valid probate of the claim against a decedent's estate; that the failure of the clerk to certify that the claim was probated did not invalidate the presentation of the claim that the fact of filing by the clerk and registration of the claim, raised the presumption that he was satisfied with the manner of probate and its sufficiency, without his certifying to that effect, and that the rights of the creditor should not be prejudiced by the clerk's omission of duty. See, also, *Keiffer Bros.* v. *Bank of Commerce*, 63 So. 189, holding that substantial compliance by a creditor is sufficient.

It has long been the settled law in Alabama that the delivery of a properly made out claim, to the clerk of the probate court, is sufficient and that the omission of the clerk to file the claim will not prevent the presentation to him for the purpose of filing from operating as a sufficient filing. *Gaffney* v. *Williamson*, 12 Ala. 628; *Rutherford* v. *Branch Bank*, 14 Ala. 92; *Ervin* v. *McGuire*, 44 Ala. 499.

So we submit that when the appellee filed its itemized, sworn account with the clerk, within the time required by law, it did all that the notice or the law required of it, and the failure of the clerk to indorse the statutory words "probated" "allowed," etc., cannot operate to appellee's prejudice, and the judgment of the learned chancellor in denying the contest should be affirmed.

Reed, J., delivered the opinion of the court.

Appellant, administrator with the will annexed of the estate of J. B. Stevens, filed his petition in the chancery court, averring that the claim of appellee

against the estate of deceased had not been probated in the manner required by law, and that the presentation of the claim to him as administrator is not sufficient in law to authorize him to pay it out of the funds of the estate. He prayed that the claim be disallowed. The chancellor sustained a demurrer filed by appellee and dismissed the petition, and appellant thereupon prosecuted his appeal to this court.

It is contended that the notice to the creditors, published by appellant, is insufficient in form. The following is the notice:

"Administrators' Notice to Creditors.

"Letters of administration having been granted on the 21st day of May, 1910, by the chancery court of George county, Miss., to the undersigned upon the estate of J. B. Stevens, deceased, of Evanston, Miss., notice is hereby given to all persons having claims against said estate to present the same to the clerk of said court for probate and registration according to law, within one year from this date, or they will be forever barred. This the 26th day of May, 1910.

"[Signed] J. C. STEVENS,

"Administrator."

Appellee claims that the notice does not contain the statement that a failure to probate and register claims against the estate within one year would have the effect of barring them.

The statue (section 2103, Code of 1906) makes it the duty of an administrator to publish in a newspaper a notice requiring all persons holding claims against the estate to have the same probated and registered by the clerk within one year. Such notice should state that a failure to probate and register for one year will bar the claim. The time when the letters are granted must also be stated, and the notice should be published for three consecutive weeks; proof of publication thereof to be filed with the clerk. The notice in this adminis-

tration shows the date when the letters were granted, and tells the creditors of the estate to have their claims. probated and registered by the clerk within one year and plainly conveys the information that the failure to do so probate and register claims will bar them. This is the simple reading of the notice, and certainly the requirements of the statute have been met.

Appellant relies upon the decision of the court in the case of *Marshall* v. *John Deere Plow Co.,* 99 Miss., 284, 54 So. 948, to sustain his position. We find the notice in that case is unlike the notice in the case at bar in that it fails to state that claims must be probated and registered according to law within one year, but uses. the following words to convey, information relative to the requirement:

"Now all persons having claims against the estate of said decedent are hereby notified to probate the same within the time limited by law, or the same will be forever barred."

It will be noted that in the present case creditors were given notice to present their claims to be probated and registered according to law within one year, and in the Marshall Case they were notified to probate their claims within the time limited by law, without stating, as required by the statute, that this time was one year.

It is further contended that the administrator's notice to creditors was not published for a sufficient. length of time. The statute requires the notice to be published for three consecutive weeks. The proof of publication shows that the notice was published in three weekly issues of a county paper on the dates June 3, June 10, and June 17, 1910. This is sufficient publication of the notice. Section 1607 of the Code of 1906, which provides the rule governing publications in newspapers when a number of weeks is prescribed, reads as follows:

"When publication shall be required to be made in some newspaper 'for three weeks,' it shall be sufficient to publish once each week for three weeks, even though there be not three weeks between the first and last publication; but there must be three weeks between the first publication and the day for the appearance of the party or other thing for which the publication shall be made; and this rule shall furnish a guide for any similar case, whether the time required be more or less than three weeks."

It is claimed that the will of John B. Stevens, deceased, created an express trust for the payment of the debts, rendering it unnecessary to have claims against his estate probated and registered as required by law. We quote the parts of the will which appellee argues create the express trust:

The first paragraph in the will reads:

"It is my will and I do hereby direct that all my funeral expenses and just debts shall be paid by executor hereinafter named, as soon after my decease as may be found convenient out of any moneys it may receive as such executor."

In the sixth paragraph the testator appointed the Central Trust Company of Mobile as executor of the will, and directed that a certain amount should be paid it as compensation, and, continuing, said:

"The said executor shall have power, and it is hereby authorized, after the payment of all debts due by my estate to divide among the beneficiaries under this will any property which may be left on hand, giving to each beneficiary as nearly as may be property of equal value, and it may in its discretion, in making divisions under this will, sell a portion of the property for the purpose of equalizing the interests of the said beneficiaries, and said executor is hereby authorized and empowered to sell any of my real estate for the purpose of division or otherwise, without any order of court, and said

sale or sales may be made by public auction or private-ly, and may make deeds, as such executor, to the pur-chasers at any of such sales; and may make deeds to any of the beneficiaries under this will to any property, real or personal, which said beneficiaries may receive in a division of my said estate.''

This will does not create an express trust for the payment of debts. The provisions in this will are sim-. ilar to those in the case of *Packing Co.* v. *Miller's Estate,* 103 Miss. 435, 60 So. 574, and *Cohn* v. *McClintock,* 66 So. 217. In the opinions in those cases we have fully expressed our views on this subject, and we now refer thereto for the reasons for our holding here.

Appellant maintains that the claim of appellee should be disallowed because there was a failure on the part of the clerk to enter an indorsement upon the claim showing that it had been probated, allowed, and regis-tered. The statute (section 2106, Code of 1906), after providing that one who desires to probate his claim against the estate of a deceased person shall present it to the clerk and make affidavit thereto, then continues as follows:

''Thereupon, if the clerk shall approve, he shall in-dorse upon the claim the words following: 'Probated and allowed for $——, and registered this——day of ——, A. D. ——' —and shall sign his name officially thereto. Probate, registration, and allowance shall be sufficient presentation of the claim to the executor or administrator.''

In the case at bar the clerk did not make any entry whatever upon the claim showing that it had been pro-bated, allowed, and registered. In the book in the office of the chancery clerk, containing the record of the claims registered against the estate of deceased persons, there is an entry showing that the claim of appellee was registered.

The requirements of the statue (section 2116) was held to be mandatory in the case of *Cheairs* v. *Cheairs,*

81 Miss. 662, 33 So. 414. After the presentation by the
creditor of his claim, supported by the necessary affi-
davit, it is before the clerk for his approval, and, if he
approves it, he is required to indorse thereon words
showing the probation, allowance, and registration and
to sign his name thereto. The administrator is not
permitted to pay a claim unless it has been probated, al-
lowed, and registered. Section 2105 of the Code of
1906, after providing that the administrator shall speed-
ily pay the debts due by the estate, etc., continues:

"But he shall not pay any claim against the deceased
unless the same has been probated, allowed, and regis-
tered."

Such probate, allowance, and registration is an official
act of the clerk, and it is shown by his indorsement upon
the claim itself; such indorsement being the mandatory
requirement of the statute. The entry of the claim in
the record of registration of claims will not avail to
render it unnecessary for the clerk to approve the claim
and enter his indorsement thereon, as required by law.

From time to time this court has held that the probate
of claims has not been sufficient, but generally upon the
ground of error in the affidavit required to be made.
We are considering for the first time the exact point pre-
sented in this case; that is, whether a claim, without any
indorsement whatever thereon by the clerk showing that
it was probated, allowed, and registered, is sufficient
to constitute a valid claim against the estate and a legal
voucher for the administrator in his settlement.

In the case of *Davis* v. *Blumenberg,* 65 So. 503, we
held that an indorsement on a claim in the following
words:

"I have this day examined the annexed account,
and hereby allow the same, for the sum of thirteen &
95/100."

—was sufficient compliance with the statute. We quote
from the opinion in that case as follows:

''The word 'probate,' in this connection, simply means that the account has, in the judgment of the clerk, been proven in the manner required by law, and the fact that he allowed and registered it evidences the fact that he decided that it had been so proven, so that his omission to so certify is immaterial. We do not mean to depart from the strict construction heretofore given this statute: but to hold the certificate here complained of invalid would be to sacrifice substance to form, in a case wherein it is manifest that the statute had in all respects been complied with by the persons presenting the claims to be probated, and that the clerk, before allowing them, had so determined.''

In the case at bar it is not manifest that the clerk approved the probate and then allowed the claim. The statute required that this should be shown by his indorsement on the claim. We hold that the failure of the clerk to make any indorsement whatever, showing the probate, registration and allowance of the claim, will render the claim invalid as a charge against the estate of the deceased person.

The chancellor should have overruled the demurrer.

*Reversed and remanded.*