## STEVENS *v.* D. R. DUNLAP MERCANTILE CO.

[73 South. 570, Division A.]

1. EXECUTORS AND ADMINISTRATORS. *Settlement of estate. Approval of claims by clerk. Statute.*

   The requirement under Code 1906, section 2106, that the clerk if he approves, shall endorse on a claim against the estate of a decedent the words "probated and allowed for $—— and registered this —— day of ——" is mandatory and in the absence of such endorsement the claim is lifeless, but the court if of the opinion that the clerk actually intended to approve and allow the claim had, the power within one year before the claim was barred by the statute of limitations under section 2106 of the Code of 1906, to enter an order, authorizing the clerk to approve and allow the claim under the statute, when however the one year statute of limitations has run, the court and the clerk are both absolutely powerless to breath the breath of life into the claim.

2. SAME.

   The only competent evidence of the probate and allowance of a claim against the estate of a decedent, is the written indorsement of the clerk.

APPEAL from the chancery court of George county. HON. W. M. DENNY, Chancellor.

Petition by J. C. Stevens, administrator of J. B. Stevens, deceased, against D. R. Dunlap Mercantile

Company. From a decree ordering the clerk of the chancery court to indorse defendant's claim against the estate as required by law as of the time it was originally filed for probate, the administrator appeals.

The facts are fully stated in the opinion of the court.

*Stevens & Cook* and *O. F. Moss,* for appellant.

*Mayes, Wells, May & Sanders* and *White & Ford,* for appellee.

Sykes, J., delivered the opinion of the court.

This is the second appeal of this case to this court from a decree of the chancery court of George county. The appellee mercantile company filed its claim for probate against the estate of J. B. Stevens, deceased, with the chancery clerk of George county within the time allowed by the law. The appellant administrator filed his petition, averring that the claim of appellee against the said estate had not been probated in the manner required by law, and that the presentation of the claim to the administrator was not sufficient in law to authorize him to pay it out of the funds of the estate. He, therefore, prayed that the claim be disallowed. The chancellor sustained a demurrer of the appellee to this petition, and dismissed it. An appeal was then prosecuted to this court, and the decree was reversed, and the cause remanded. The objection, in the first appeal which relates to this appeal, was that the clerk of the chancery court failed to follow the provisions of section 2106 of the Code of 1906, the said provision reading as follows:

"Thereupon, if the clerk shall approve, he shall indorse upon the claim the words following: 'Probated and allowed for &—, and registered this — day of—, A. D. —,' and shall sign his name officially thereto. Probate, registration, and allowance shall be sufficient

presentation of the claim to the executor or adminis-
trator.''

From the report of this case in 67 So. 160, it ap-
pears that the clerk actually registered this claim in
his registry claim book, but failed to make the proper
notation, as above set forth on the claim. The decision
of the court on that appeal holds that:

''Such probate, allowance, and registration is an official
act of the clerk, and it is shown by his indorsement up-
on the claim itself; such indorsement being the manda-
tory requirement of the statute. The entry of the
claim in the record of registration of claims will not
avail to render it unnecessary for the clerk to approve
the claim and enter his indorsement thereon, as required
by law.''

Upon the remand of the case to the chancery court
the appellee here, defendant in that court, filed an ans-
wer and cross-petition to the petition of the appellant,
alleging, in substance, the following: It denies that the
clerk did not approve the account; admits the clerk did
not, at the time the claim was presented to him for
probate, indorse thereon, ''Probated and allowed for
$—, and registered this — day of —, A. D. 19—;''
admits that he did not sign his name officially to said
indorsement; but avers that the reason the clerk did
not do so in the statutory form above provided was be-
cause of the fact that he but lately qualified as clerk,
and was not informed as to his duties, and inadver-
tently neglected to indorse the claim as above set out;
avers the fact to be that the claim was presented to
the clerk for probate and registration in proper form
and within the time allowed by law; that upon receipt
of the same the clerk filed and entered same upon the
register of claims, but by reason of his ignorance neg-
lected at that time to indorse thereon the fact that the
same was probated and allowed; that the said clerk in
point of fact did allow, or intended to allow, the said
claim, and was under the impression that he had done

so by registering it. The said cross-petition then asks that the court enter an order, directing the clerk now to make the proper indorsement upon the claim, as of the date the same was actually presented to the clerk for probate, registration, and allowance. The cross-petition, asking for the above affirmative relief, was demurred to by petitioner. The demurrer was overruled, petitioner declined to answer it, and the court entered a decree, ordering the clerk to make the indorsement as prayed for on the claim as of the time it was originally filed for probate. From this decree this appeal is prosecuted. It is the contention of counsel for the appellee that the cross-petition avers, and the demurrer admits, that the chancery clerk as a matter of fact intended to approve the claim of the appellee at the time he registered it and did orally approve it, and that it is within the power of the chancery court to enter an order to rectify this omission; that in the first appeal of this case this court merely held that the claim could not be paid unless the indorsement, as required by section 2106, appeared on the claim; and that this failure has now been rectified by the court. The appellant contends that the very life and vitality of a claim against the estate of a decedent depends upon the indorsement in accordance with section 2106 appearing upon the claim; that no claim is probated, registered, and allowed according to our statutes unless this indorsement is made thereon; that the only proof of the probate and allowance of the claim is this written indorsement; that the mere fact that the clerk intended to allow the claim is not a compliance with the statute; that there is no such thing under our law as a probate, registration, and allowance of a claim except that which appears as the indorsement of a claim in the words of the statute. It is further contended by counsel for the appellant that after the expiration of the one-year statute within which to probate claims against the estate of a decedent, the court is

without power to order the clerk, or the clerk is without power to allow this claim. Not only does appellant claim that it is barred by section 2106, requiring these claims to be probated, registered, and allowed within one year, but that it is also barred by the three-year statute of limitations relative to open accounts.

We have carefully examined the authorities cited in the able briefs of both counsel for appellant and appellee. It seems clear to us that, under section 2106 of the Code of 1906, before a claim may be paid by an administrator, it must not only have been properly itemized in writing, signed by the creditor, and the proper affidavit thereto attached, but it is also mandatory that the clerk indorse upon the claim the words, "Probated and allowed for $——, and registered this —— day of ——, A. D. 19—," and that he shall sign his name officially thereto. This probate, registration, and allowance is then a sufficient presentation of the claim to the executor or administrator. Without this exact or substantial written indorsement by the clerk there is no proper probate or allowance of the claim. This statute is mandatory, and directs the only way in which a claim can be properly registered, probated, and allowed, and it must be at least substantially followed. In the absence of this indorsement upon the claim, it is absolutely lifeless. It is no presentation of the same to the executor or the administrator for payment. Neither the executor nor the administrator would have a right to pay any unindorsed claim against the estate. It is the duty of the creditor, not only to properly itemize his claim and make the proper affidavit thereto, but also to see that the clerk makes the proper indorsement on the claim. Otherwise the creditor has failed to properly protect his claim. If the clerk intended to approve and allow this claim, he could and should have done so within one year. If the court was of the opinion that the clerk actually intended to approve and allow this claim, then the court had the power, within

one year before this claim was barred by the statute
of limitations under section 2106, to enter an order,
authorizing the clerk to approve and allow the claim
under the statute. When, however, the one-year statute
of limitations has run, the court and the clerk are both
absolutely powerless to breathe the breath of life into
a lifeless thing. Under our law there is no such thing
as an oral approval and allowance of a claim against
the estate of a decedent. The only competent evidence of
its probate and allowance is the written indorsement of the
clerk. The oral allowance or approval of the clerk set
out in the cross-petition of the appellee is no more and
no less than an unexecuted intention of the clerk to
approve and allow the claim. The claim was never in
fact legally approved and allowed by the clerk. There-
fore the order of the court could in no wise give any life
or vitality to this claim. "A *nunc pro tunc* entry in
practice is an entry made now of something which
was actually previously done, to have effect as of the
former date. Its office is not to supply omitted action
by the court, but to supply an omission in the record
of action really had, but omitted through inadvertence
or mistake. 12 Amer. & Eng. Enc. Law, p. 84 *et seq.*,
and authorities cited; *Chissom* v. *Barbour*, 100 Ind. 1."
*Perkins* v. *Hayward*, 132 Ind. 95, 31 N. E. 670.

In the case of *Lehman* v. *George*, 99 Miss. 798, 56 So.
167, this court, speaking through Justice Smith, held as
follows:

"Where a claim is not probated against the estate
of a decedent as required by law, its registration does
not stop the running of the statute of limitations, and
after the bar of the statute of limitations has attached
the probate cannot be amended."

The purpose of the cross-appeal in this case is but
to amend the attempted probate and allowance of this
claim. In the same case this court, addressing itself
further to the one-year statute of limitations, has the
following to say:

112 Miss.—34

"We are not called upon to decide whether or not the chancellor has the power to enter a decree of this character where the statute of limitations is not involved; for he is, of course, without such power when the claim, the probate of which is sought to be amended, has become barred by the statute of limitations. To hold otherwise would result in the nullification of the statute."

It is strenuously insisted by counsel for appellee that the creditor in this case did everything within his power to follow the statute, and that the failure to comply with the statute is due to the ignorance of the clerk, and that the creditor should not be made to suffer on account of the clerk's ignorance. The scheme, however, of our administration laws is that the creditor must not only comply with the statute himself, but the further duty devolves upon him to see that the clerk approves and allows his claim by proper indorsement within one year; otherwise his claim is barred.

Reversed, and decree here for appellant.

*Reversed.*