LINTONIA BUILDING & LOAN ASS'N *et al. v.* McRAVEN *et al.*

(Division A. Oct. 23, 1933. Suggestion of Error Overruled, Nov. 20, 1933.)

[150 So. 213. No. 30757.]

J. G. **Holmes**, of Yazoo City, for appellants.

804

**Wise & Bridgforth** and **Barbour & Henry,** all of Yazoo City, for appellees.

**McGowen, J.,** delivered the opinion of the court.

Upon an issue made up between the executrix, the legatees of J. W. McRaven, and certain creditors, this case was submitted to the chancery court for a construction of his will. The will was executed on January 26, 1931, and the testator died October 1, 1931. The will presented for construction is in the following language:

"State of Mississippi, County of Yazoo.

"I, J. W. McRaven, Yazoo City, Mississippi hereby make and declare this to be my last will and testament.

"I give and bequeath my whole estate, both personal and real as follows: In consideration of the services rendered in keeping house and making a home for me for eight years after my wife's death, I give to my daughter, Margaret McRaven, fifteen hundred dollars ($1,500) the balance of my estate, after all legal debts are satisfied, except the household effects such as furniture, silverware, etc., to be equally divided between all my children, to-wit: Will Henry McRaven; Margaret McRaven, Evie Louise Pepper; Lucile McRaven, Annette McRaven. The disposition of the household goods is left to the discretion of Margaret McRaven. I appoint Margaret McRaven, of Yazoo City, Mississippi, executrix of this my last will and testament without bond. This will is written with my own hand and revokes all previous wills made by me.

"This 26 day of January, 1931.

"[Signed]   J. W. McRaven."

Upon the filing of an inventory and petition for construction, it appeared that the estate of J. W. McRaven, aside from his household goods, was exempt, after the payment of the one thousand five hundred dollar legacy, from the payment of debts, being the proceeds of an insurance policy.

The question presented to the court was whether or not, from the language of the will, after paying the bequest of the one thousand five hundred dollars, his estate, real, personal, and mixed, was exempt or nonexempt from the payment of his legal debts, or whether the residuary legatees could take the balance freed from his debts.

Viewing the will as a whole, with the admitted facts shown by the record, there being no other evidence, we have no difficulty in arriving at the conclusion that the testator directed, first, that one thousand five hundred dollars be paid to Margaret McRaven; and, second, that his legal debts be paid from the balance of his estate, whether exempt or not, omitting from the clause his "household effects" which he did not devote to the payment of his debts.

The only logical construction of the will is that the testator intended his legal debts to be paid, and that he charged the balance of his estate, except his household goods, with the payment thereof, and, when the debts had been so paid, the balance, if any, was bequeathed or devised to the named legatees.

We have reached this conclusion after an examination of the following cases: Gordon v. McDougall, 84 Miss. 715, 37 So. 298, 5 L. R. A. (N. S.) 355; O'Reilly v. McGuiggan, 91 Miss. 498, 44 So. 986, 15 Ann. Cas. 623; Cohn v. McClintock, 107 Miss. 831, 66 So. 217, and Stevens v. Dunlap Mercantile Co., 108 Miss. 690, 67 So. 160.

The language is clear, and the environment of the testator in the case at bar would most probably not shed any light upon the language used by him in disposing of his property and in charging the balance of his estate with the payment of his legal debts.

The chancellor, by his decree, held that the residuary legatees took the exempt property freed from the decedent's debts, in which conclusion we think he was in error.

We express no opinion as to the small claim not probated, but remand the case to the court below to be further proceeded with in accordance with the construction of the will which we have here announced.

Reversed and remanded.