## KING v. JONES.

(Division A.   Jan. 21, 1935.)

[158 So. 796.   No. 31495.]

(Division A.   Feb. 18, 1935.)

[158 So. 457.   No. 31495.]

For former opinion, see 158 So. 796.

**L. G. Fant, Sr. & Jr.**, both of Holly Springs, for appellant.

Smith & Smith, of Holly Springs, for appellee.

Argued orally by **Lester G. Fant, Jr.**, for appellant.

**Smith, C. J.**, delivered the opinion of the court.

This is an appeal from a decree that the probate of a promissory note against the estate of a decedent is void.

The note was presented to the chancery clerk by the owner, accompanied by a request for the withdrawal. thereof. The clerk attached a copy of the note to the owner's affidavit thereto and the clerk's certificate allowing the claim. On the back of the note there appears the following certificate: "I hereby certify that this is a true and correct copy of the original"—which certificate was signed by the clerk, but his seal was not impressed thereon. Such a seal does appear on the clerk's certificate of allowance of the claim. The original note was returned by the clerk to the owner with the following thereon signed by him: "Probated and withdrawn this the 11th day of March."

The objections made to the probate of this claim are: (1) That the certificate of the clerk on the back of the copy of the note probated does not contain the words "this date exhibited to me," and (2) the seal of the clerk does not appear thereon. The first of these objections will be left out of view, and no opinion will be expressed thereon. The absence of the seal authenticating the clerk's signature to the certificate is fatal. The seal appearing on the certificate to the probate does not cure this defect; for section 1671, Code 1930, which here governs, requires a certificate to the copy of the note separate and distinct

from the certificate of probate thereof, from which it necessarily follows that the clerk's signature to each of the certificates must be authenticated by his seal of office.

Affirmed.

### On Suggestion of Error.

**Smith, C. J.,** delivered the opinion of the court on suggestion of error.

We have carefully reconsidered our former holding herein, and cannot recede therefrom.

The appellant requested the court below to permit the clerk to attach his seal to the certificate more than six months after the expiration of the time for the probating of claims. This request was denied. The appellant now says that we should have dealt with that request in our former opinion and held that the amendment should have been allowed, admitting that this assignment of error was "not sufficiently presented to the court in the original argument." This admission is correct, but we will not hold counsel thereto.

The question thus presented is foreclosed by former decisions of this court, among which are Lehman v. George, 99 Miss. 798, 56 So. 167; Stevens v. D. R. Dunlap Mercantile Co., 112 Miss. 524, 73 So. 570; Merchants' & Manufacturers' Bank v. Fox, 165 Miss. 833, 147 So. 789. The statute under which Lehman v. George, supra, was decided was section 2107, Code 1906. The one-year period of limitation therein was reduced by chapter 303, Laws 1920, to six months. By chapter 157, Laws 1926, this section was amended by adding thereto the following: "Provided, that where the affidavit is made in good faith and the claim is registered, probated and allowed by the clerk, but the affidavit is defective or insufficient, the court may allow the affidavit amended so as to conform to the requirements of the statute, at any time before the estate is finally settled, whereupon the pro-

bate shall be as effective and the claim as valid against the estate as if the affidavit had been correct and sufficient, in the first instance.'' This chapter was brought forward in the Code of 1930 as section 1672 thereof.

Counsel for the appellant say that: ''It is not contended that this statute applied in words to the case at bar; but it is respectfully submitted that it shows the intention of the legislature that a failure of technical form should not defeat a valid claim when the statute is substantially complied with,'' and that conforming to this intention the court should now permit amendments to probated claims of the character here in question to be made. We cannot so hold. The statutory permission to amend is expressly limited to defects in affidavits, and, of course, we are without power, ourselves, to further amend statutes. This exact question was presented in Merchants' & Manufacturers' Bank v. Fox, supra, and the court's attention was called to the hereinbefore stated amendment to the statute.

Overruled.