GILLESPIE, Presiding Justice.
Letters testamentary were issued upon the estate of Mrs. Leslie Girten Paul, deceased, and the first notice to creditors was published on January 8, 1965. About two days before the expiration of six months from the date of the first publication, Elizabeth Fairchild and Dorothy Ethridge, trading as Eastburn Flowers, filed a claim against the estate. The court clerk entered the claim on the Register of Claims, which showed the creditor’s name, the description of the claim, when due, the amount, and its registration date as July 6, 1965. On August 16, 1965, the executrix of the estate' contested the claim on the ground that it had not been probated and allowed as required by law and was therefore barred by the six months statute of limitations.
Upon the hearing of the contest to the claim appellants moved the court for permission to make a showing and for an order directing the clerk to indorse on the claim nunc pro tunc, “Probated and allowed, for $- and registered this - day of-A.D.-,” and to sign his name officially thereto. This motion was overruled and a decree was entered disallowing the claim and sustaining the contest of the executrix. Upon motion to reopen the case the court allowed appellants’ counsel to dictate into the record that which he proposed to prove. The proof tendered by appellants was that Mrs. Lola Davis, *531 Deputy Chancery Clerk, would testify that there was presented to her the affidavit of Dorothy Ethridge and Elizabeth Fairchild, together with an itemized statement setting out the nature and extent of their claim against the estate, and that when she received such claim, she entered upon the Register of Claims all the information required by that record and showed that the claim was registered on July 6, 1965. It was stated that Mrs. Davis would also testify that her failure to indorse on the face of the claim the statutory language that the claim had been probated, allowed and registered and her failure to sign her name officially thereto was inadvertent.
The pertinent statute is Mississippi Code Annotated section 568 (1956), which states the manner in which claims shall be probated against the estates of decedents. This statute provides in part as follows:
Thereupon, if the clerk shall approve, he shall indorse upon the claim the words following: “Probated, and allowed for . arid registered this . . . day of.. A.D., . . . and shall sign his name officially thereto. Probate registration and allowance shall be sufficient presentation of the claim to the executor or administrator: Provided, that should the clerk probate and allow and register the claim, but fail or neglect to indorse thereon the words, “Probated, and allowed for $. and registered the . . . day of ., A.D., . , . ./’and officially sign his name thereto, the court may, upon proper showing, allow the clerk to indorse on the claim, nunc pro tunc, the words, “Probated and allowed for $. , . . and registered, this the . . . day of., A.D. . . . . ,” and sign his name officially thereto; * * *.
The question presented here is whether a nunc pro tunc endorsement by the court clerk, upon proper showing being made, may be entered after the expiration of the statutory period of six months.
Mississippi Code Annotated section 569 (1956) provides that all claims against estates of deceased persons shall be registered, probated and allowed within six months after the first publication of notice to creditors, otherwise the same shall be barred.
Appellees rely upon Stevens v. D. R. Dunlap Mercantile Company, 108 Miss. 690, 67 So. 160 (1915), where it was held that the failure of the clerk to indorse the claim showing that it was probated, allowed and registered within the statutory period, which then was one year, rendered the claim invalid as a charge against the estate. After remand and retrial, the Stevens case was again appealed to this Court, and the second decision is reported in 112 Miss. 524, 73 So. 570 (1917). There we held that where-the clerk failed to make the proper endorsement on the claim before the running of the-statute of limitations, the court and the-clerk were powerless to breathe life into the-invalid claim by endorsement nunc pro tunc..
After the decisions in the above cases-, the Legislature by chapter 304, Laws of. 1934 amended what is now section 568 by-inserting therein the words:
•Provided, that should the clerk probate- and allow and register the claim, but fail or neglect to endorse thereon the words,. “Probated, and allowed for $. and registered the . . . day of . . . ., A.D.,.,” and officially sign his name thereto, the court may, upon proper showing, allow the clerk to endorse on the claim, nunc pro-tunc, the words, “Probated and allowed for $. . . . and registered, this. the . . . day of.. A.D., .,” and sign his name officially thereto;
We are of the opinion that the purpose of the 1934 amendment was to allow the clerk to enter a nunc pro tunc endorsement after the expiration of the statutory period. Had the Legislature not intended to allow the nunc pro tunc endorsement of' *532 claims after the expiration of the statutory-six months period, the 1934 amendment would have been a vain and useless thing. The clerk already had the authority to indorse the claimant any time within the six months period, and this Court so stated in Stevens v. D. R. Dunlap Mercantile Company, 112 Miss. 524, 73 So. 570 (1917).
It is argued by the appellee that if the Legislature had intended to extend the time for registration, probation and allowance of claims beyond six months, it should have amended section 569. We are of the opinion that this argument is without merit, since section 568 is the section requiring the endorsement of claims.
Appellee further argues that to allow the clerk to make nunc pro tunc endorsements probating, allowing and registering claims after the six months period would unduly interfere with the orderly administration and final closing of estates. It is true that the fiduciary is not allowed to pay a claim which has not been properly indorsed by the clerk, but we see no reason why this should cause any undue delay in closing estates. If the claim is not indorsed, the same may be contested promptly, and if the claimant desires to make the proper showing to entitle him to an order allowing the clerk to make the endorsement nunc pro tunc, he must do so not later than the hearing of the contest.
We find no reason to limit the time within which the endorsement nunc pro tunc may be made to the six months following publication of the first notice to creditors. To thus restrict the application of the 1934 amendment would frustrate its purpose. Strict compliance with statutes relating to the probate of claims against estates so as to defeat a just claim or deny a claimant his day in court is no longer a controlling principle of interpretation. Central Optical Merchandising Co. v. Estate of Lowe, 249 Miss. 61, 160 So.2d 673 (1964).
We are therefore of the opinion that the decree sustaining the contest to the claim of appellant should be, and it is, reversed, and the cause remanded for proceedings consistent with this opinion.
Reversed and remanded.
JONES, PATTERSON, INZER and ROBERTSON, JJ., concur.