L. L. BANKSTON *v.* ALBERT COOPWOOD, EXECUTOR, ESTATE OF T. D. COOPWOOD, DECEASED.

[55 South. 48.]

1. CLAIMS AGAINST ESTATE OF DECEDENT. *Proof. Code* 1906, *section* 2106.

Under Code 1906, section 2106, requiring any person desiring to probate his claim against the estate of a decedent to present to the clerk a statement of his claim in writing signed by the creditor and to make affidavit to be attached thereto; a statement of the claim of the creditor with an affidavit of the creditor signed by the creditor attached thereto is sufficient, the purpose of the statute being to identify it and verify its correctness.

2. SAME.

A substantial and not a literal compliance with the statute is all that is required.

APPEAL from the circuit court of Tunica county.
HON. M. E. DENTON, Chancellor.

Proceedings to establish by L. L. Bankston, a claim against the estate of T. D. Coopwood, deceased. From a judgment in favor of Albert Coopwood, executor, claimant appeals.

The facts are fuly stated in the opinion of the court.

*W. L. Bankston,* for appellant.

The single question presented by this appeal is whether the omission of Dr. L. L. Bankston to sign the

account would invalidate and preclude recovery of the debt. There was no contest of the justice of the claim made by the representative of the estate, nor by any distributee, heir or creditor, and it is proved as provided by Code, sec. 2108. The clerk approved, allowed and registered the claim.

We submit that the claim was properly presented to the clerk in an itemized account, signed by the creditor, and sworn to by the creditor in strict compliance with Code, sec. 2106. The affidavit is a part of the probated account and the signing and swearing to same by the creditor is signing and swearing to the account as contemplated by last named section. This statute does not say and certainly does not mean that an account has to be signed. It says, "if there be no written evidence thereof, an itemized account or a statement of the claim is writing, signed by the creditor, and make affidavit, to be attached thereto." So it is very clear that the legislature said and meant to say that the statement should be signed, and not the account, but that the prescribed affidavit signed and sworn to would be sufficient.

It was agreed in the court below by appellee's attorney that if Dr. L. L. Bankston had written his account in his own hand writing instead of using a printed bill head thus writing his name in the caption of the account that then he would have complied with the statute. This construction would render the law a perfect farce, and it would be unreasonable, unjust and exceedingly technical, and we cannot believe that this statute will be given such hair splitting technical construction thus defeating honest, just and undisputed claims.

We submit that the order of the court disallowing this claim should be reversed.

*J. T. Lowe,* for appellee.

We insist that the learned chancellor below was correct in his holding in this cause, in which he followed

the plain terms and provisions of the statute, section 2106 of the Code of 1906, which are in words as follows: to-wit: (We copy the essential parts.)

"Any person desiring to probate his claim shall present to the clerk the written evidence thereof .......... ........ an itemized account, or statement of the claim in writing, signed by the creditor, and make affidavit, to be attached thereto, etc., etc.

The appellant presented to the clerk his itemized account, but he did not sign the itemized account. He made the affidavit to be attached thereto, said affidavit made as required by the statute, etc., and he did attach said affidavit thereto in the usual way, by pasting and appending it to the account, but as aforesaid, he failed to sign the said itemized account. In this he failed to comply with the strict requirements of the statute, which was fatal to his cause, and so held and decided by the learned chancellor below.

Strictly in line with our contention, is the case of *Walker* v. *Nelson, Executor,* 87 Miss. 268, citing *McWorter's case,* 39 Miss. 779, and the case of *Cheairs,* 81 Miss. 662. All three of said cases hold that said statute must be strictly followed, and that any deviation therefrom, or omission, will be fatal to him, who attempts to establish a claim against a decedent's estate. The reson of the rule, is apparent.

ANDERSON, J., delivered the opinion of the court.

Albert Coopwood, the appellee, as executor of the will of T. D. Coopwood, deceased, was administering the estate of said decedent in the chancery court of Tunica county. The appellant, Dr. L. L. Bankston, having a claim against said estate of two hundred and fifty-two dollars and forty cents, for medical services, on June 6, 1910, attempted to probate his claim. The claim was properly itemized, and had attached to it the affidavit in due form provided for by the statute, signed by the ap-

pellant; but the itemized account itself was not signed by him. The court below held that the failure of the appellant to sign the itemized account rendered void the probation of the claim. It is contended on behalf of the appellant that the signing by him of the affidavit attached to the account was a sufficient signing of the account itself, and amounted to a substantial compliance with the statute.

Section 2106 of the Code of 1906 provides: "Any person desiring to probate his claim shall present to the clerk the written evidence thereof, if any, or, if the claim be a judgment or decree, a duly certified copy thereof, or, if there be no written evidence thereof, an itemized account, or a statement of the claim in writing, signed by the creditor, and make affidavit, to be attached thereto, to the following effect, viz., . . ." To sustain his position, the appellee relies on the case of *Walker* v. *Nelson,* 87 Miss. 268, 39 South. 809. In that case the court said: "The itemized account attempted to be probated against the estate of the decedent was not signed by the creditor, nor was there any affidavit attached thereto." We have examined the original record in that case, and find that the creditor signed neither the account nor the affidavit attached thereto. That case, therefore, is not authority for the contention here made that a signing of the statutory affidavit attached to the account is not a sufficient signing of the account. Such a contention was not presented to the court, and the language used by the court in that case was addressed to the particular facts of the case. A substantial, and not a literal, compliance with the statute is required. "A statement of the claim in writing signed by the creditor" is necessary under the statute; but a signing by the creditor of the affidavit is a substantial compliance with this requirement. The affidavit is attached to the account, and is a part of it. The purpose of the statute in requiring the claim to be signed is to identify it and

verify its correctness.   A signing of the affidavit attached to the claim is necessarily a signing of the claim itself in the sense of the statute.   The statute does not point out any particular place where the claim shall be signed.

*Reversed and remanded.*