W. S. McMahan v. M. P. Foy, Administrator.

[61 South. 421.]

Executors and Administrators. *Probating claims.* Code 1906, *section* 2106.

Under Code 1906, section 2106 so providing, any person desiring to probate his claim against the estate of a decedent shall present to the clerk the written evidence thereof, if any, and a copy of such written evidence is not sufficient to entitle the claim to probate.

Appeal from the chancery court of Newton county.

Hon. Sam Whitman, Jr., Chancellor.

Suit by W. S. McMahan against M. P. Foy, administrator of the estate of D. J. McDonald, deceased. From a judgment for the defendant, plaintiff appeals.

The facts are fully stated in the opinion of the court.

*R. D. Cooper,* for appellant.

The affidavit made by the appellant and attaching the receipt as it is described by the clerk thereto satisfied the clerk that the claimant had done all that the law required him to do as he understood the law. It is true he, the clerk, did not require that the original receipt should be filed in his office, but a copy of the same. Now the statue does not state or use the word "original," but it does state that he shall present to the clerk the written evidence of his claim, if any. What is the written evidence of the claim, the receipt, a copy of the written evidence is the written evidence. It is true that the copy could not be introduced in court over the objection of the opposing party, without showing the reasons therefor as prescribed by the law. On the trial of this case the original receipt was introduced. I contend that there is nothing on this question about the original. I maintain that the administrator could have satisfied himself on this line; if this was his only objection to paying the claim, the appellant

would have produced the original had it been requested. The appellant did do so in court without the request of the appellee. No one doubts the signature of D. J. McDonald.

Suppose this was the only question to the claim, that because he filed with the clerk a copy of the receipt and not the original, and suppose the claimant had presented to the administrator the original receipt in order to entirely satisfy him that he was doing the right and honest thing and suppose the administrator had paid the claim without contest, would the chancellor have given the administrator credit for this item? Admitting that the administrator had required the production of the original receipt and not a copy of same, before doing so. But the appellee must have been satisfied along this line or at least could have been if it had been desired.

*M. P. Foy,* for appellee.

Probation of a copy of any kind of a claim will not justify the administrator in paying same, although the original might be a valid claim and the probation might be sufficient, but the original evidence must be presented to the clerk for probation and thereby to the administrator for an examination and inspection to enable him to decide whether or not it is such a legal demand against said estate as would justify him in paying same.

Section 2106 of the Code says: "Any person desiring to probate his claim should present to the clerk, a written evidence thereof, if any, or if the claim be a judgment or decree, a duly certified copy thereof, or if there be no written evidence thereof, an itemized account, or statement of the claim in writing signed by the creditor."

We understand this section to require that if the claim be in writing, that particular writing, itself, shall be presented to the clerk for probation. If it is not in writing and signed by the deceased, it should be reduced to writing and signed by the creditor, if the claim is in writing,

the writing presented to the clerk and in that way presented to the administrator must bear the genuine signature, the kind that fixes liability of the deceased. If it is a judgment or a decree, it should bear the official certificate of the proper officer, if the claim is neither of these, it should be reduced to writing and signed by the creditor; the claim under consideration, met none of these requirements. The copy presented to the clerk bore no signature and fixed no liability of the deceased—nothing about it to justify the administrator in paying same. It had no official certificate of any officer; it had no signature of the creditor.

The statute is very strict and must be literally construed in the preparing and presenting the claim to the clerk for probation; the preparing of the claim and the making of the affidavit thereto are mandatory and must be literally and strictly complied with. "The statute must be complied with in order to give validity to the probation:" *McWorter* v. *Donald,* 39 Miss. 779.

"The statute is mandatory and an affidavit which is not in effect and compliance with it will not give validity to the probation allowance and registration of the claim." *Cheairs* v. *Cheairs,* 81 Miss. 662.

Woerner on Administration, sec.—,vol.—, p. 804, par. 387, says this: "A literal compliance with the terms of the statute is the only course to secure absolute safety to the creditor, and to relieve the administration of the perplexing doubts, and even personal hazzards, which may arise if the sufficiency of the exhibition (probation) is not clearly apparent. Now, however liberally disposed he may be to waive technical defenses and to deal with creditors on the basis of substantial justice, he stands as a representative of all creditors, as well as of heirs, legatees and distributees, which technical rights he had no liberty to disregard."

The statute requires that the "written evidence" and not a copy of the written evidence shall be probated.

COOK, J., delivered the opinion of the court.

Appellant attempted to probate a claim against the estate of D. J. McDonald, deceased, the probation and payment of which was contested by the adminstrator. The claim was represented by a written receipt signed by deceased. Appellant did not present this receipt to the clerk, but did present a copy thereof, which copy was indorsed by the clerk, "Probated and allowed." The chancellor, after hearing evidence, disallowed the claim; therefore this appeal.

"Any person desiring to probate his claim shall present to the clerk the written evidence thereof, if any," is the language of section 2106 of the Code of 1906 applicable to this controversy. Counsel for appellant contends that a copy of the written evidence is all the statute requires, because the word "original" written evidence was not employed by the legislature. The statute is plain, unambiguous, and not susceptible to misconstruction; it is easily complied with, and must be complied with before a claim of this character can be probated and allowed.

*Affirmed.*