VOYLES *et al. v.* ROBINSON.*

(Division A. Oct. 15, 1928.)

[118 So. 420. No. 27274.]

*Corpus Juris-Cyc References: Executors and Administrators, 24CJ, section 959, p. 338, n. 11; section 986, p. 349, n. 82; section 2683, p. 1118, n. 92; section 2696, p. 1125, n. 98; As to effect of judgment against executor or administrator qualified in one state as binding upon an executor or administrator of the same decedent, qualified in another state, see annotation in 3 A. L. R. 64; 11 R. C. L. 431; 2 R. C. L. Supp. 1248.

*Bozeman & Cameron,* for appellants.

*Amis, Dunn & Snow,* for appellee.

*Bozeman & Cameron,* in reply for appellant.

COOK, J. For some years before her death, Mrs. Lula Harrison was a citizen of Lauderdale county, Miss., and while residing there she executed her last will and testament.. Subsequently, on December 22, 1922, on account of physical disability, she went to the home of appellant M. L. Voyles, in the city of Jefferson, Jackson county, Ga., where she remained until October 9, 1923, at which time she went to the home of Mrs. Elizabeth Addington, where she remained until her death on July 10, 1924.

Thereafter, on November 21, 1924, B. L. Robinson, the executor named in said last will and testament, presented

the will to the chancery court of Lauderdale county for probate, and a decree establishing the will, and appointing him as executor, was duly entered on the same day. On February 12, 1925, the executor made publication for creditors to file and probate their claims against the estate, and proof of publication thereof was made on March 7, 1925, but this proof of publication was not filed with the clerk of the chancery court of Lauderdale county until May 5, 1927. Some time prior to the 24th day of January, 1925, one R. R. Wilson was appointed administrator of the estate of said decedent by the court of ordinary of Jackson county, Ga., and on January 24, 1925, M. L. Voyles and Mrs. Elizabeth Addington filed their petitions against said R. R. Wilson, administrator, in the city court of Jefferson, in the county of Jackson, state of Georgia, seeking to establish their claims against said estate, for compensation for services rendered in nursing and caring for the deceased during the periods she lived in their respective homes. The administrator answered these petitions, and, on November 19, 1925, judgment was rendered by said city court of Jefferson against said administrator, and in favor of M. L. Voyles, for one thousand two hundred sixty-six dollars and sixty-six cents principal, and one hundred eighty-four dollars and seventy-one cents interest, and also in favor of Mrs. Elizabeth Addington for one thousand two hundred twenty-five dollars principal, and one hundred fourteen dollars and thirty-three cents interest. Thereafter, on December 21, 1925, the said M. L. Voyles and Mrs. Elizabeth Addington procured certified copies of the record and judgments in the two suits instituted by them in the Georgia court, and, on January 14, 1926, probated the same against the estate of Mrs. Lula Harrison, deceased, in the chancery court of Lauderdale county, Miss.

The executor filed a separate contest of each of these claims setting up that the claims were barred on account of not having been proven and registered within the time provided by law, and otherwise challenging the legal suf-

ficiency of the claims as probated, as well as the merits thereof. Upon the filing of these answers, counsel agreed in writing that the contest of each of said claims should be "heard by the court on the questions of law arising on the face of the record; that, if the court shall find that the claims, on their face, are valid obligations and are not barred on account of not having been filed or registered in time, then the claims and the contests thereof shall be heard on the merits thereof as provided by law."

After the hearing of the contests under this agreement, the court granted decrees adjudging that the claims were barred on account of not having been proven and registered within six months from the date of the first publication of notice to creditors to prove and register their claims, as shown by the proof of such publication on file in the case, and from these decrees this appeal was prosecuted.

Since the trial of the case at bar, in the court below, this court, in the cases of *Jennings* v. *Lowery & Berry*, 147 Miss. 673, 112 So. 692, and *Union & Planters' Bank & Trust Co.* v. *Bell et al.* (Miss.), 113 So. 354, has held that the statutory limitation of six months within which creditors are required to register and probate their claims begins to run from the date of the filing of the proof of publication of such notice to creditors, and not from the date of the first publication thereof; and, the appellee now concedes that the court below was in error in holding that the claims were barred because they were not proven and registered within six months after the first publication of notice to creditors.

Appellee contends, however, that the decree of the court below should be affirmed, for the reason that the judgments obtained against the foreign administrator have no force or effect as against an estate being administrated in this state, and are not such judgments as may be probated under the provisions of section 2106, Code of 1906 (section 1850, Hemingway's 1927 Code).

In the case of *Carroll* v. *McPike,* 53 Miss. 569, it was held that:

"In this state administration of the effects here of a deceased person, no matter where his domicile was, is independent of all other administrations, and to be conducted in all respects as if the decedent had been a citizen of this state when he died,"—while, in the case of *Buckingham Hotel Co.* v. *Kimberly et al.,* 138 Miss. 445, 103 So. 213, it was held that the estate of a decedent within this state, under its statutes, is administered by its courts as if there were no other administration, regardless of administration in another state, even though it be the domicile of the decedent; and in 24 C. J. 1117, the following doctrine is announced:

"There is no privity between administrators of the same estate appointed in different jurisdictions, or between an executor in one jurisdiction and an ancillary administrator in another; and a judgment against the one is no evidence against the other, for the purpose of affecting assets received by the latter under his administration, and cannot be made the basis of an action against him."

At page 1124 of volume 24 C. J., it is said that:

"The fact that a claim has been presented and allowed or disallowed in the jurisdiction of the domiciliary administration is no bar to its allowance in the ancillary jurisdiction; and, conversely, an allowance of a claim by a court of one jurisdiction is not conclusive upon a personal representative in another jurisdiction, or even evidence in such jurisdiction of the debt on which the claim was based."

The same doctrine is announced in 11 R. C. L. p. 431, in the following language:

"Although a domiciliary and ancillary representative are in privity with the decedent, there is no privity between themselves. Hence estoppels in favor of or against one do not bind or affect the other. Each has to

do only with the property of the estate within his own jurisdiction, and a judgment against him binds only such property, and will not furnish the basis of a right of action against the other administrator, even when the same person has received letters of administration in each jurisdiction. . . . In accordance with these principles the courts hold that a judgment of a court of one state against the administrator of a deceased person, appointed by the courts of that state, which establishes a claim against the decedent's estate, is not even *prima-facie* evidence of the validity of the claim as against lands situated in another state."

The judgments obtained against the foreign administrator, and which were attempted to be probated as such, were not such judgments as may be probated under the provisions of section 2106, Code of 1906 (section 1850, Hemingway's 1927 Code), and they have no force and effect as the basis of a claim against the estate being administered in this state; but, from that fact, it does not follow that the claims as probated were properly disallowed on the ground that they were not properly probated. Section 2106, Code of 1906 (section 1850, Hemingway's 1927 Code), provides:

"Any person desiring to probate his claim shall present to the clerk the written evidence thereof, if any, . . . or a statement of the claim in writing, signed by the creditor, and make affidavit, to be attached thereto, to the following effect, viz. . . ."

In probating the claims involved in the case at bar, the creditors filed certified copies of the petitions which had been filed in the Georgia court. These petitions set forth, in detail, statements of the claims, the items thereof, and the basis of the claims, and to these petitions there were attached proper, statutory affidavits, signed by the creditors; and it was held in the case of *Bankston* v. *Coopwood,* 99 Miss. 511, 55 So. 48, that a statement of a claim of a creditor, who signs the affidavit attached thereto, is

sufficiently signed, since the purpose of the statute is to identify and verify the correctness of the claim.

We are of opinion that the petitions filed and probated, in the statutory form, were sufficient statements of the claim; and therefore the decree of the court below disallowing the claims on questions of law arising on the face of the record will be reversed, and the case will be remanded for hearing on the merits of the claims.

*Reversed and remanded.*