MERCHANTS & MANUFACTURERS BANK OF ELLISVILLE v. FOX.

(Division B. April 24, 1933.)

[147 So. 789. No. 30596.]

834

Shannon & Schauber, of Laurel, for appellant.

D. B. Cooley, of Laurel, for appellee.

Argued orally by **Charles R. Shannon**, for the appellant, and by **D. B. Cooley**, for appellee.

**Griffith, J.**, delivered the opinion of the court.

Appellant bank held three genuine notes signed and delivered to said bank, for value received, by D. B. Fox, now deceased. After the death of Fox, appellee was appointed administrator of the decedent's estate. With-

in six months the cashier attempted to probate the notes under the statute, section 1671, Code 1930, which reads as follows:

"Any person desiring to probate his claim shall present to the clerk the written evidence thereof, if any, or, if the claim be a judgment or decree, a duly certified copy thereof, or, if there be no written evidence thereof, an itemized account, or a statement of the claim in writing, signed by the creditor, and make affidavit, to be attached thereto, to the following effect, viz.: That the claim is just, correct, and owing from the deceased; that it is not usurious, and that neither the affiant nor any other person has received payment in whole or in part thereof; except such as is credited thereon, if any, and that security has not been received therefor, except as stated, if any. Thereupon, if the clerk shall approve, he shall indorse upon the claim the words following: 'Probated and allowed for $———, and registered this ———day of———, A. D.———,' and shall sign his name officially thereto. Probate, registration, and allowance shall be sufficient presentation of the claim to the executor or administrator: Provided, that if the claim be based upon a demand of which there is no written evidence or upon an itemized account the statement of said claim or the itemized account shall be retained and kept by the clerk among the official papers pertaining to the estate; and if the claim be based upon a promissory note or other instrument purporting to have been executed by the decedent, the creditor shall file with his claim the original thereof to remain in the keeping of the clerk, or having so presented said original writing he may withdraw the same when the clerk has made certified copy thereof the said copy to remain on file; provided further, that when such copy has been retained by the clerk in lieu of the original writing the administrator or any party in interest shall have the right, good cause being shown upon application to the court or

chancellor and upon order to that effect, to have the original produced before the court or clerk, for a reasonable time to be fixed in said order, for the inspection of the administrator or other party in interest, who may make photographic copies thereof under the supervision of the clerk.''

The bank desired to avail of the privilege of withdrawing the original notes and attempted to comply with the statute by leaving copies with the clerk, the originals having been exhibited and as the clerk now testifies the copies were by him compared with the original notes and found by him to be true, full, and correct copies. But the clerk failed to attach his certificate to the copies that they were in fact true copies. There is indorsed on the face of each of the notes the word ''copy,'' but there is no certificate to that effect by the clerk. The statute in plain terms requires the clerk, when the originals are to be withdrawn, to make and retain certified copies thereof.

The statute does not prescribe the form of the certificate, but certainly there must be under the hand and seal of the clerk sufficient to make it known as a matter of record that the clerk has had the originals placed before him and that he, the clerk, not some one else, certifies that the copies which remain with the clerk are true and correct copies of the originals. This may be done by the clerk indorsing on the copy that the same is ''a true copy of the original this day exhibited to me,'' dating the certificate, signing the same, and affixing thereto his official seal. Other forms of the required certificate may be used, but whatever the form, it must show that the original note was presented to the clerk and that the copy retained by him is in truth and in fact upon the official certificate of the clerk, a true and full copy of the original. It follows, of course, that all indorsements and credits must be shown by the copy and certificate, as if the original were retained.

The cashier of the bank made the affidavit required by the statute, and the jurat was executed by the clerk under the seal of the court. Under the affidavit and under the signature of the clerk is the following: "Probated and allowed for eleven thousand, nine hundred forty-four dollars and forty-four cents and registered this the 19th day of March, 1932," but the clerk omitted to sign his name to the said certificate of probate and allowance. After the expiration of the six months for probate, the claimant moved that the clerk be allowed to make out the proper certificates of true copies and to sign his name to the probate and allowance, but under the authority of Stevens v. D. R. Dunlap Mercantile Co., 112 Miss. 524, 73 So. 570, the court overruled the motion and correctly so.

It is regrettable that a just claim, especially when held by a bank which is in a large sense a trustee for its numerous depositors, should have to be rejected for such reasons as above stated. But the substance of the law on this subject is mandatory. It is easy with proper care to comply with the statute, and its mandatory observance saves many estates of being plundered by fictitious claims. There is perhaps no chancellor who has seen long service in this state who has not witnessed attempts to swindle estates by fabricated claims. For this reason the statute must be upheld in all its requirements although an honest creditor sometimes severely suffers thereby. In such a large claim as this, the bank should have had its attorney to attend to this important matter, and thus the loss would have been avoided.

Affirmed.