MERCHANTS' & MANUFACTURERS' BANK *v.* BUSBY *et al.*

(Division B.   April 8, 1935.)

[160 So. 577.   No. 31631.]

**Welch & Cooper,** of Laurel, for appellant.

D. B. Cooley and Deavours & Hilbun, all of Laurel, and Paul B. Johnson, of Hattiesburg, for appellees.

Argued orally by **Ellis B. Cooper**, for appellant, and by **Henry Hilbun** and **D. B. Cooley**, for appellees.

**Griffith, J.**, delivered the opinion of the court.

Appellant is the holder of certain promissory notes executed by D. B. Fox, deceased. There was an attempt to probate these notes against the estate of the decedent, but the probate was ineffective for the reasons set forth in Merchants' & Manufacturers' Bank v. Fox, 165 Miss. 833, 147 So. 789. Thereafter, and in the case now before us, the bank sued the clerk and the surety on his official bond upon allegations that it was by the fault of clerk that the probate was ineffective and that the claim was lost as against the estate. We quote that part of the bill which contains the allegations particularly to be examined in the present case: "Complainant avers that at the time of the death of said D. B. Fox, he, the said D. B. Fox, was indebted to complainant in the sum of eleven thousand nine hundred forty-four dollars and forty-four cents, same being evidenced by the notes, copies of which are attached as exhibit 'B' hereto. Complainant avers that it prepared its claim against the estate of the said D. B. Fox, swore to same in the form and as prescribed by law,

and presented the same together with the original of said notes of the said D. B. Fox, deceased, to the defendant, W. L. Busby, chancery clerk, acting by and through Charles T. Walters, his deputy clerk, for probate, allowance and registration; that the said defendant, W. L. Busby, examined the originals of said notes so tendered him for filing and probate, allowance and registration and approved said claim but failed to sign his name officially thereto after the endorsement thereon had been made by him as required by section 1671 of Code of 1930; to-wit: 'Probated and allowed for eleven thousand nine hundred ninety-four dollars and forty-four cents and registered this the 19th day of March, A. D., 1932.' Complainant avers that it desired to withdraw the original notes as permitted by law; that it supplied true copies of the original of said notes for this purpose which by said clerk were found to be true copies; that the said clerk, W. L. Busby, acting through and by said deputy, delivered the original of said notes to complainant and substituted in lieu thereof said true copies and told complainant's cashier and vice-president Ellsworth that the claim was approved and would then be properly probated, allowed and registered and signed by him but failed to attach his certificate to said copies of notes to the effect that they were true copies. Complainant attaches hereto as Exhibit 'B' a true copy of said claim and asks the same to be treated as a part hereof. Complainant avers that said claim was so presented and complainant was advised by said clerk that said claim was approved, and all of the matters and things occurred, within the six months from the date of the first publication of the notice to the creditors.''

A demurrer was interposed by the defendants; the demurrer was sustained; the complainant declined to plead further; and the bill was dismissed.

We lay aside the fact that the clerk failed to sign his name to the certificate of probate, for the reason that

had that been done the probate would nevertheless have been incomplete and ineffective because of the withdrawal of the originals of the notes before certified copies were made and filed.

Our present statute on the manner of the probation of claims against the estate of a decedent, section 1671, Code 1930, prescribes, as one of the requisites for a valid probation of a claim based upon a promissory note, that the creditor shall file the original note with the clerk, which original shall remain on file among the papers in the estate. The statute proceeds further, however, and provides a substitute method for the probation of a promissory note, available at the election of the creditor or claimant, and that method is that the claimant or creditor may present the original note to the clerk, and when the clerk has made and filed a certified copy of the original, the said certified copy to remain on file among the papers, the original may then be taken by the creditor and the probate will be as complete and effective as had the original note been filed and retained by the clerk. But either (1) the original note must be filed, or (2) a certified copy must be filed, and until one or the other is done there is no probate; and that is the case here.

If the language and meaning of the statute were that the clerk must, in all cases, make a certified copy of the note and thereupon deliver the original to the creditor, there would be but little doubt of the liability of the clerk in this case. But that is neither the language nor the meaning of the statute. Under its true meaning the clerk keeps the original unless and until the creditor requests a withdrawal thereof; and the statutory obligation of the clerk to make a certified copy to be retained by him arises only upon and as a consequence of the request of the claimant to withdraw the original, and exists only while the original yet remains in the hands of the clerk. If the creditor actually withdraw the original before the

clerk has made and filed a certified copy in lieu of the original, as was the case here, the result is that the creditor has himself, and by his own act, withdrawn or intercepted the probate, Jordan v. Love (Miss.), 157 So. 877, and the clerk can then be made liable only in one or the other of the following two instances: (1) When the clerk assures the creditor at the time of withdrawal that a certified copy has been made and filed, which turns out to be untrue in point of fact; or (2) when the clerk, upon a state of facts which may amount to a consideration valuable in law, expressly promises the creditor that the clerk will after the withdrawal make and file the necessary certified copy and fails to do so.

When the rule is applied, as it must be, that pleadings are taken strongest against the pleader, the quoted bill, upon a careful analysis of its allegations, fails to bring the case within either of the two conditions above stated, with the result that the decree of the chancellor must be affirmed.

Affirmed.