RICE STIX DRY GOODS CO. *v.* MONSOUR.

(Division B. May 10, 1937.)

[174 So. 63. No. 32731.]

**Neville & Minniece**, of Meridian, for appellant.

**Jacobson & Snow,** of Meridian, for appellee.

Argued orally by **Thos. Y. Minniece,** for appellant.

**Ethridge, P. J.,** delivered the opinion of the court.

Joseph Monsour died in Lauderdale county, Miss., in. 1935, and on March 22, 1935, Linda E. Monsour, as executrix, filed notice to creditors to file claims against said estate within six months, which notice she duly signed and filed proof of publication thereof.

On April 30, 1935, Henry Rice, treasurer of the Rice Stix Dry Goods Company, filed what purported to be an account against the estate of Joseph Monsour, which account appears in the record as follows:

"Rice-Stix Dry Goods Company, Manufacturing Wholesalers,

"St. Louis, Mo., U. S. A., 4/30/35

"In account with Joseph Monsour, 2114 Front Street, Meridian, Miss.

| "To Mdse. | | Net Cash | | Net. 2 per cent if paid within the dating, otherwise no discount. | |
|---|---|---|---|---|---|
| | | No discount, | | | |
| Feb. 7/35 | 60d | 284 | 99 | 48 | 77 |
| 7 | 60d | 65 | 25 | | |
| 13 | 4/8 | 90 | 98 | | |
| 14 | 60d | | | 14 | 23 |
| 15 | 60d | 143 | 88 | | |
| 18 | 4/13 | 27 | 00 | | |
| 27 | 4/22 | 52 | 50 | | |
| | | 664 | 60 | 63 | 00 |
| | | | | 664 | 60 |
| "In full to 4/25.35 | | | | 727 | 60," |

to which was attached the following affidavit,

"The State of Missouri, City of St. Louis.

"Personally appeared before me, the undersigned, a Notary Public of said City, Henry Rice, Treasurer, who, on oath, says that the annexed claim of Rice-Stix Dry Goods Co. against Joseph Monsour, Meridian, Mississippi, deceased, for Seven Hundred Twenty Seven and

60/100 Dollars is just, correct and owing from the said deceased; that it is not usurious, and that neither the affiant, nor any other person has received payment in whole, or in part thereof, except such as is credited thereon; and that security has not been received therefor.

"H. M. Rice

"Sworn to and subscribed before me this the 30th day of April, A. D. 1935. George Rathke, Notary Public. My commission expires 10/13/35.

"Probated and allowed for $727.60 and registered, this the 16 day of May, A. D. 1935. Mack Cameron, Chancery Clerk."

After the expiration of six months from the date of publication of notice to creditors to file their claims, the appellant moved to amend the account and affidavit, which motion was, by the chancellor, overruled, holding that the affidavit was legal in form, but that the account was void because it was not itemized in accordance with the law.

We are of the opinion that the account was wholly insufficient to constitute a claim against the estate and that the chancellor was correct in disallowing it. One of the purposes of requiring accounts to be itemized is to enable executors or administrators of estates to see therefrom whether the claim is legal, and by investigation of the books and papers of the deceased to see how the matter between the deceased and the creditor stood, and, if the claim be found legal, to pay it. Another purpose is to enable legatees, devisees, and heirs to likewise determine the correctness of the account, and to enable courts to pass upon probated accounts.

In the case at bar, the account presented is so vague, indefinite, and uncertain as to be wholly insufficient to constitute a claim against the estate, and the motion to amend, having been filed after the expiration of the statutory period for probation of claims, came too late. Creditors having claims against deceased persons must

strictly comply with the law. Cheairs' Ex'rs v. Cheairs' Adm'rs, 81 Miss. 662, 33 So. 414; Lehman v. Powe, 95 Miss. 446, 456, 49 So. 622; Jennings v. Lowery & Berry, 147 Miss. 673, 112 So. 692; McMahan v. Foy, 104 Miss. 309, 61 So. 421; Persons v. Griffin, 112 Miss. 643, 73 So. 624.

What was said in the case of Finck & Co. v. Brewer et al., 133 Miss. 9, 96 So. 402, with reference to itemized accounts is in point here. Section 1672, Code 1930, chapter 157, Laws 1926, providing that where an affidavit is made in good faith, and the claim is registered and allowed by the clerk, but the affidavit is defective, the court may allow such affidavit to be amended at any time before the estate is finally settled, is applicable alone to the affidavit and does not apply to claims against the estate which do not comply with the law.

Frequently, in other states, creditors are not sufficiently familiar with Mississippi forms so as to understand the requirements, and follow the forms and statutes of their own states, and lose their demands through technical defects.

The statute, section 1672, Code 1930, limits amendments to the affidavit, and does not apply to the account, and we do not feel that we are authorized to extend the statute in the case here, or in any other case where the account is totally insufficient to meet the requirements of the law.

The chancellor having held in accordance with these views, his judgment is affirmed.

Affirmed.