364 So.2d 1117 (1978)
ESTATE OF Gaines P. WILSON, Sr., Deceased, Gaines Wilson, Jr.
v.
NATIONAL BANK OF COMMERCE of Mississippi and Scribner Equipment Company, Inc.
No. 50723.
Supreme Court of Mississippi.
November 22, 1978.
*1118 Fant, Crutcher, Moore & Spencer, L.G. Fant, Jr., Holly Springs, for appellant.
Burgin, Gholson, Hicks & Nichols, John W. Crowell, Columbus, for appellees.
Before PATTERSON, SUGG and BOWLING, JJ.
SUGG, Justice, for the Court:
This appeal is from a final decree of the Chancery Court of Oktibbeha County allowing five claims filed against the Estate of Gaines P. Wilson, Sr., a resident of Jefferson County, Kentucky, who died September 4, 1972.
His will was admitted to probate in Kentucky on September 25, 1972, and was admitted to probate in Oktibbeha County, Mississippi on January 23, 1973 because decedent owned real property in Oktibbeha County. A final decree closing the Oktibbeha County Probate was entered on February 13, 1974.
On March 18, 1975, the Oktibbeha County Chancery Court reopened the Estate of Gaines P. Wilson, Sr. Thereafter the National Bank of Commerce of Mississippi, the corporate successor to the First National Bank of Monroe County, Mississippi, probated a promissory note and Scribner Equipment Co., Inc., a Mississippi corporation, probated four promissory notes as claims against the estate.
*1119 Gaines P. Wilson, Jr., as legatee under the will of Gaines P. Wilson, Sr., filed a contest to each of the claims. After an evidentiary hearing the chancery court entered a final decree allowing the probated claims as follows:
1. National Bank of Commerce, $14,283.60 with interest at the rate of 7% per annum from November 30, 1976 until paid.
2. Scribner Equipment Co., $162,212.45 with interest at the rate of 7 1/2% per annum from November 30, 1976 until paid.
3. Scribner Equipment Co., Inc., $23,968.22 with interest at the rate of 7 1/2% per annum from November 30, 1976 until paid.
4. Scribner Equipment Co., $15,581.24 with interest at the rate of 7 1/2% per annum from November 30, 1976 until paid.
5. Scribner Equipment Co., Inc., $2,619.40 with interest at the rate of 7 1/2% per annum from November 30, 1976 until paid.
Appellant assigns eight errors. In the first five assignments of error appellant contends that the court erred in allowing the claim on each of the notes probated. In his sixth assignment of error appellant contends the court erred in overruling the objection of appellant to the introduction of one of the notes of Scribner. In his seventh assignment of error appellant contends that the court erred in holding that the original notes were not filed as required by statute. In the eighth assignment of error appellant contends that the court erred in holding the judgments of the Circuit Court of Jefferson County, Kentucky were not entitled to full faith and credit in Mississippi. In his brief appellant combined the eight assignments of error for argument as follows:
1. Probate of a promissory note against the estate of a deceased person requires the filing of the original note, unless it can be accounted for as lost.
2. The claims are too ambiguous to permit allowance.
3. The note to National Bank of Commerce had been paid in full.
4. The judgments of the Circuit Court of Kentucky are conclusive of the matters they determine.
We will discuss the assignments of error sequentially as presented in the brief of appellant.

I.
Were the notes probated as required by statute?
Section 91-7-149 Mississippi Code Annotated (1972) provides in part:
[A]nd if the claim be based upon a promissory note or other instrument purporting to have been executed by the decedent, the creditor shall file with his claim the original thereof to remain in the keeping of the clerk or, having so presented said original writing, he may withdraw the same when the clerk has made a certified copy thereof, the said copy to remain on file.
A certified copy of each promissory note was retained by the clerk and attached to the copy of each note the following affidavit appeared:
I, JAMES H. COOK, Chancery Clerk of Oktibbeha County, Mississippi, do hereby certify that this note is a true and correct copy of the original note which was presented to me on this date for probate as a claim against the estate of Gaines P. Wilson, deceased, being Cause No. 10,990.
I further certify that after having been filed and numbered, the original note was withdrawn by the holder and this copy substituted to show evidence of the indebtedness owing by said estate.
In Merchants and Manufacturers Bank v. Fox, 165 Miss. 833, 147 So. 789 (1933) we recognized that any claimant probating a promissory note may withdraw the original note by complying with the statute. In this case, we stated:
The bank desired to avail of the privilege of withdrawing the original notes and attempted to comply with the statute by leaving copies with the clerk, the originals having been exhibited and as the *1120 clerk now testifies the copies were by him compared with the original notes and found by him to be true, full and correct copies. But the clerk failed to attach his certificate to the copies that they were in fact true copies. There is indorsed on the face of each of the notes the word `copy,' but there is no certificate to that effect by the clerk. The statute in plain terms requires the clerk, when the originals are to be withdrawn, to make and retain certified copies thereof.
The statute does not prescribe the form of the certificate, but certainly there must be under the hand and seal of the clerk sufficient to make it known as a matter of record that the clerk has had the originals placed before him and that he, the clerk, not some one else, certifies that the copies which remain with the clerk are true and correct copies of the originals. This may be done by the clerk indorsing on the copy that the same is `a true copy of the original this date exhibited to me,' dating the certificate, signing the same, and affixing thereto his official seal. Other forms of the required certificate may be used, but whatever the form, it must show that the original note was presented to the clerk and that the copy retained by him is in truth and in fact upon the official certificate of the clerk, a true and full copy of the original. It follows, of course, that all indorsements and credits must be shown by the copy and certificate, as if the original were retained. (165 Miss. at 839, 147 So. at 790).
The certificate of the clerk shows that each note was a true and correct copy of the original note which was presented to him for probate as a claim against the Estate of Gaines P. Wilson. The clerk also certified that after each original note was filed and numbered it was withdrawn and the copy substituted. It is true that the clerk did not mark on any of the original notes the word "filed" and did not number the original notes, but this omission did not invalidate the probation of the notes. We hold that the certificate of the clerk was sufficient and that the notes were duly probated as required by statute.

II.
Are the claims as probated too ambiguous to permit allowance?
The five notes in question were probated on August 15, 1975 and in each case the probated claim set forth the principal balance due, the interest accrued to August 15, 1975, the rate of interest to accrue on the principal until the note was paid, and the percentage claimed for attorneys fees. Appellant points out that the affidavit accompanying each note avers, "Neither affiant nor any other person has received payment in whole or in part thereof, except such as is credited therein." Appellant then argues that the affidavit is ambiguous because each probated claim is less than the face amount of the note, and that the date and amount of payments on the notes should be stated in the probated claim. Appellant relies on Rice Stix v. Monsour, 178 Miss. 621, 174 So. 63 (1937) where we held that the claim presented was so vague, indefinite and uncertain as to be wholly insufficient to constitute a claim against the estate, and denied Rice Stix the right to amend the claim after the statutory period for probation of claims. In our view Rice Stix is not controlling, but in any event the denial of the right of Rice Stix to amend the claim was specifically modified in Central Optical Merchandising v. Lowe, 249 Miss. 61, 160 So.2d 673 (1964) where we held it is permissible to amend a claim if the amendment does not amount to a new claim but is merely an improvement or perfection of one presented in time but lacking certain elements necessary to express its full merits. In Central Optical, supra, we stated:
Presentation of a claim against an estate is in many respects similar to the filing of a suit against a defendant. The main purposes of pleading and procedure are to obtain a clear definition of the issues between the parties and to reveal all of the facts, in order to obtain a fair and equitable decision of the controversy. Where a claimant against an estate presents in good faith a claim which is in *1121 substantial compliance with the foregoing requirements, it is not equitable to permit the deceased's representative to wait until the six months have expired, then to assert the itemized account is not technically sufficient, and thereby to bar an otherwise legitimate debt of the estate. (249 Miss. at 72, 160 So.2d at 678).
We are of the opinion that the notes as probated satisfied the requirements of our statutes on filing claims against deceased persons. If the contestant was uncertain as to whether the principal amount claimed on each note was correct, it was incumbent on him to file, either a motion for a bill of particulars, or a motion to make the claim more definite and certain by requesting the dates and amounts of payments on the notes. This principle was enunciated in Central Optical, supra, in the following language:
Although a claim may satisfy these minimum requirements, the person representative to whom a claim is presented has the duty to require the creditor to make the statement of claim more definite and certain, where it does not sufficiently advise him of its essential details and nature. If any uncertainty remains, it is incumbent on the personal representative to call for clarification, either by a motion to make more definite and certain, or motion for a bill of particulars. 34 C.J.S. Executors and Administrators § 417, p. 197. (249 Miss. at 76, 160 So.2d at 680).
We also stated:
In addition to a claimant's right to amend, where a claim meets the foregoing minimum requirements, both he and the personal representative on a contest have the right, respectively, to introduce evidence to support their positions. Code section 575 so provides. Nicholson v. Dent, Robinson & Ward, 189 Miss. 658, 198 So. 552 (1940); Ellis v. Berry, 145 Miss. 652, 110 So. 211 (1926). (249 Miss. at 76, 160 So.2d at 680).
The evidence supported the claims of the bank and Scribner.
We hold that the notes were properly probated as claims against the Estate of Gaines P. Wilson, Sr.

III.
Was the note to the bank paid in full?
The bank's note was a demand note in the amount of $25,000 dated August 16, 1971 bearing interest at 7% per annum after date. Appellant introduced three checks from the trust department, Citizens Fidelity Bank and Trust Company of Louisville, Kentucky payable to the First National Bank of Aberdeen as follows:

 DATE AMOUNT
 4- 5-75 $ 7,500
 7- 5-75 7,000
 10-30-75 7,500
 _______
 $22,000

On March 2, 1976 the Jefferson County Circuit Court issued an order of distribution directing that the bank be paid $10,407.97 as balance due on the note held by it. A check for this sum dated March 17, 1976 payable to the order of the bank was received by the Kentucky attorney of record for the claimant and was held by the claimant uncashed until the trial in this cause. The chancellor ordered, as a condition precedent to the recovery allowed the bank, that the check be returned to the executor. The evidence does not show that the note due the bank was paid in full and the bank was not bound by the order of the Kentucky court because it had probated its claim in a Mississippi court. This will be discussed more fully in Part IV of this opinion.

IV.
Did the judgments of the Circuit Court of Kentucky bar claimants from filing their claims in Mississippi?
The Circuit Court of Jefferson County, Kentucky entered judgments in favor of Scribner against the Executor of the Estate of Gaines P. Wilson, Sr. upon three of the notes probated by Scribner in the Chancery Court of Oktibbeha County, Mississippi. On March 14, 1975 the Jefferson Circuit *1122 Court entered an order directing Scribner to dismiss all actions in the State of Mississippi against the executor on or before March 25, 1975, and provided that, if Scribner failed to dismiss the Mississippi action by that date, Scribner would be enjoined from prosecuting its claims pending in the Kentucky court, and Scribner's answer and counterclaim and all of its pleadings would stand dismissed with prejudice as of March 25, 1975.
Scribner declined to dismiss its proceedings in Mississippi so its claims were dismissed by operation of the order of March 14, 1975.
Scribner appealed and in Scribner Equipment Co., Inc. v. Citizens Fidelity Bank and Trust Company, Executor of the Estate of Gaines P. Wilson, Deceased, Case No. 75-483, decided February 17, 1978, the Court of Appeals in Kentucky held that Scribner was entitled to pursue its claims in appropriate proceedings in Mississippi. In an unpublished opinion the Appeals Court held:
We reverse the order of the trial court which dismissed Scribner's pleadings and we vacate the judgments affecting Scribner entered thereafter. It is our judgment that the action in Jefferson Circuit Court should be abated pending a reasonable opportunity for Scribner to pursue its claim to a final determination in whatever probate proceedings are available in Mississippi.
The reversal of the order of the Circuit Court of Jefferson County by the Court of Appeals is a complete answer to appellants' contention under this assignment of error.
However, there is a more compelling reason to reject appellants' argument under this assignment of error because the administration of an estate in Mississippi is not ancillary to the administration of the same estate in a foreign jurisdiction. Where the courts of Mississippi are independently administering an estate of a non-resident decedent, a claim which has been disallowed in the estate of the non-resident administered in the court of his residence, is not a bar to a claim filed in the courts of this state. In Buckingham Hotel Co. v. Kimberly, 138 Miss. 445, 103 So. 213 (1925) the hotel, a Missouri corporation, filed a claim in probate proceedings in the State of Missouri, the state of residence of decedent. The claim was disallowed by the Missouri court, but we held that the disallowance of the claim by the Missouri court did not bar allowance of the same claim in Mississippi probate proceedings. We followed the well established rule that the estate of a non-resident decedent who owns property in this state may be administered in the courts of this state, and such administration is not ancillary to, but is independent of all other administrations, and is to be conducted in all respects as if the decedent had been a citizen of this state when he died. In Buckingham, we stated:
In this state administration of the effects here of a deceased person, no matter where his domicile was, is independent of all other administrations, and to be conducted in all respects as if the decedent had been a citizen of this state when he died. Debts are to be paid according to the assets, and any surplus is to be distributed here. All creditors, no matter where residing, nor where the debts were contracted, are entitled to prove their claims here, and proceed in our courts to enforce them, and to share in the assets here. There may be inconveniences, and sometimes hardships, resulting from this doctrine; but it plainly results from our system, as established by statutes, and we cannot shrink from declaring it, whatever may be the consequence ...
.....
If we are to give effect to the very positive language of the distinguished judges who wrote the two opinions quoted supra,[1] we are compelled to hold that under the Mississippi statutes an administration *1123 in this state is not ancillary to an administration in any other state where real estate or personal property is located here, and the law of the domicile does not control our statute in the administration of an estate of which the courts of our state have jurisdiction, but they are administered in all respects as though there were no other administration.
Counsel for appellee insists that we must preserve the comity of courts, which we do not think is involved here for the reason that as to real estate especially it has always been the law that immovable property is exclusively subject to the laws of the country in which it is located, and this has been zealously and jealously guarded. Other states are excluded when it comes to the disposition of the title to real property, and lex loci rei sitae is invoked to prescribe the mode for establishing the muniment of title to said lands.
.....
We cannot agree with counsel for appellee that there is any merit in the contention that there is any violation of the spirit or of the letter of the Constitution relative to comity of courts in the several states, but plant ourselves upon the well-known principle that each sovereign controls the transfer and manner of establishing muniments of title within its borders, and our statutes have declared that estates of decedents shall be administered independently, and our courts have but enforced our statutes; the statutes and decisions being based upon sound reasoning and calculated to carefully guard the estates of all persons, we do not feel warranted in disturbing the rule as it has existed in Mississippi for many years. (138 Miss. at 455, 456, 457, 458; 103 So. at 215).
Gaines P. Wilson, Sr. owned real and personal property in Mississippi; therefore the Chancery Court of Oktibbeha County, Mississippi had jurisdiction to administer his estate. Claimants were entitled to file their claims and have them adjudicated in the Mississippi court would regard to any proceedings in the Kentucky courts. For this reason, the judgment of the Kentucky court involving the claims of both the bank and Scribner was not binding on the Mississippi court.
AFFIRMED.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and WALKER, BROOM, LEE, BOWLING and COFER, JJ., concur.
NOTES
[1] Bolton v. Barnett, 131 Miss. 802, 95 So. 721 (1923) and Carroll v. McPike, 53 Miss. 569 (1876). See also Estate of Torian v. First National Bank of Memphis, 321 So.2d 287 (Miss. 1975) wherein Bolton and Carroll supra, are quoted with approval; Voyles v. Robinson, 151 Miss. 585, 118 So. 420 (1928).