The question to be answered in this case is what is the effect of a legislative amendment to the probate claim statute enacted while this litigation was before the court?
Janice M. Mitchell was issued Letters Testamentary as Executrix of the Last Will and Testament of Ellis M. Mitchell, Deceased, on January 8, 1990, in the Chancery Court of Warren County, Mississippi. Notice to Creditors was published. On January 25, 1990, John E. Bell presented his claim for probate to the Warren County Chancery Clerk. The claim was based on a promissory note executed by the decedent and payable to Bell in the principal sum of $10,800.00 with credits of $800.00 shown on the reverse side of the note. Bell took the original note to the clerk's office and said:
 "Here is the original. Here is a copy right here. I'm not going to give you the original because y'all loose [sic] everything we've got." . . . And then he called Mrs. Donovan over and let her handle the thing. . . . I gave her the copy.
The clerk and deputy clerk do not recall if Bell presented the original note when filing the claim, but Bell's testimony to this effect is uncontroverted. It is not disputed that a photostatic duplicate of the original note was filed and left with the deputy clerk. An affidavit form for attachment to the claim was completed by Bell in the presence of the deputy clerk. In completing the affidavit, the words "Bell's Music Co., Inc., John E. Bell, President" were inserted in the blank spaces left for designation of the affiant and the form was signed by "John E. Bell, President." The affidavit was completed by the deputy clerk who inserted language showing that the claim was ". . . probated and allowed and registered on the 25th of January, 1990." The claim was then docketed in the claim registry of the court.
When the 90 day period of time for probation of claims had expired, the executrix filed her formal objection to Bell's probated claim. The reasons for the executrix's objection were recited as:
 (a) the claim is not filed by the creditor;
 (b) the original note on which the alleged claim is purportedly based has not been timely filed as required by law;
 (c) the original notes, which the alleged filed copy of the promissory note in *Page 530 
question recites is a "combination of all previous notes", on which the alleged claim is purportedly based, have not been timely filed as required by law;
 (d) the filed copy of the alleged promissory note in question does not indicate whether the same is a true and correct copy of the original note;
 (e) the claim, as filed, fails to state for what purpose the alleged indebtedness was incurred;
 (f) the claim is not itemized as required by statute;
 (g) the purported signature on the alleged filed copy of the promissory note in question is not the signature of the decedent.
On May 24, 1990, Bell, individually and as President of Bell's Music Co., Inc., moved to amend his claim to reflect that he, individually, is the creditor to whom the estate is indebted.
On May 25, 1990, the motion was heard by the Chancery Court and evidence was adduced. At the close of Bell's motion, the executrix moved ". . . for a directed verdict." The court made the following findings of fact and conclusions of law:
 The Court finds as a fact that Mr. John Bell went to the Chancery Clerk's office in January of 1990 — I believe the date was January the 25th from the testimony — and presented a promissory note to the Clerk for the purpose of probating a claim. He also presented a — what we call a photostated [sic] copy of that document at the same time. The Clerk retained the . . . copy and filed it with the Affidavite [sic] of Probate of Claim which was executed by Mr. Bell in the name of his corporation.
 I think there was an effort of good faith compliance, however this Court is bound by precedence [sic] that are established by the Supreme Court of this state. . . . [I]t clearly makes an absolute requirement and places it upon the Probator of the claim that certain things be done.
 * * * * * *
 If there is to be a change in that law, this change cannot be made by this Court. This Court is required to be obedient to the precedence [sic]. . . . I will deny the right to amend this complaint or this probated document.
The chancellor entered an order denying Bell's motion to amend, and later entered an order denying Bell's probated claim.
Bell appeals to this court asserting as his sole issue that the Chancery Court erred in refusing to allow amendment of the affidavit to the claim, registered, probated, and allowed by the clerk. Intertwined in this issue is the question of Bell's fulfillment of obligations imposed by Miss. Code Ann. § 91-7-149
(Supp. 1990).
Miss. Code Ann. § 91-7-149 (Supp. 1990), in pertinent part says:
 Any person desiring to probate his claim shall present to the clerk the written evidence thereof, if any, . . . or if there be no written evidence thereof, an itemized account or a statement of the claim in writing, signed by the creditor, and make affidavit, to be attached thereto, to the following effect, viz.: That the claim is just, correct, and owing from the deceased; that it is not usurious; that neither the affiant nor any other person has received payment in whole or in part thereof, except as is credited thereon, if any; and that security has not been received therefor except as stated; if any. Thereupon, if the clerk shall approve, he shall endorse upon the claim the words following: "Probated and allowed for $ ____ and registered this ____ day of ____, A.D., ____," and shall sign his name officially thereto. . . . [I]f the claim be based upon a promissory note . . . the creditor shall file with his claim the original thereof to remain in the keeping of the clerk or, having so presented said original writing, he may withdraw the same when the clerk has made a certified copy thereof, the said copy to remain on file. When such a copy has been retained by the clerk in lieu of the original writing, the administrator or any party in interest shall have the right, good cause being shown upon *Page 531 
application to the court or chancellor and upon order to that effect, to have the original produced before the court or clerk for a reasonable time to be fixed in said order, for the inspection of the administrator or other party in interest, who may make photographic copies thereof under the supervision of the clerk.
Miss. Code Ann. § 91-7-151 (Supp. 1990), in pertinent part says:
 All claims against the estate of deceased persons, whether due or not, shall be registered, probated, and allowed in the court in which the letters testamentary or of administration were granted within ninety (90) days after the first publication of notice to creditors to present their claim. Otherwise, the same shall be barred and suit shall not be maintained thereon in any court, even though the existence of the claim may have been known to the executor or administrator. When the affidavit is made in good faith and the claim is registered, probated and allowed by the clerk but the affidavit is defective or insufficient, the court may allow the affidavit to be amended so as to conform to the requirements of the statute at any time before the estate is finally settled; whereupon the probate shall be as effective and the claim as valid against the estate as if the affidavit had been correct and sufficient in the first instance.
Bell admits the inadvertence set forth in the affidavit in the places left for affiant's name and claims that he did not have assistance of counsel and relied on the clerk. Bell further claims that the note, a photostatic copy of which was filed as evidence of the claim, showed that the debt was owed to Bell by the decedent, and the statute authorizes amendment under these circumstances.
The executrix states that the affidavit may not be amended because:
(a) the affidavit was made by one other than the creditor and is therefore "insufficient and amounts to no affidavit at all;" and
(b) the filing by Bell of the photostatic copy of the note instead of the original or a "certified copy" of the original was a fatal non-compliance of § 91-7-149.
The executrix relies on Merchants Manufacturers' Bank ofEllisville v. Fox, 165 Miss. 833, 147 So. 789 (1933), as authority for her position. In Fox, the bank filed for probate original notes executed by the decedent and subsequently withdrew them and attempted to comply with the probate statute by leaving copies with the clerk. The Fox court held that the clerk's failure to attach his certificate to the copies stating that they were in fact true copies authorized the denial of the bank's motion after expiration of time allowed for probate to allow the clerk to make proper certificate of the copies and to sign his name to the probate and allowance of the claim.
In Central Optical Merchandising Co., Inc. v. Lowe, 249 Miss. 61, 160 So.2d 673 (1964), we stated:
 The old rule that the statutes must be strictly complied with is no longer a controlling principle of interpretation. The cases in recent years show that a substantial compliance is sufficient. . . .
 Presentation of a claim against an estate is in many respects similar to the filing of a suit against a defendant. The main purposes of pleadings and procedure are to obtain a clear definition of the issues between the parties and to reveal all of the facts, in order to obtain a fair and equitable decision of the controversy. Where a claimant against an estate presents in good faith a claim which is in substantial compliance with the foregoing requirements, it is not equitable to permit the deceased's representative to wait until the six months have expired, then to assert the itemized account is not technically sufficient, and thereby to bar an otherwise legitimate debt of the estate.
 Closely analogous are those cases dealing with whether an amendment . . . is permissible, where the amendment is filed after the statute of limitations has run but the original . . . was filed before that time. *Page 532 
 It is a general rule that a seasonably filed claim against the estate of a decedent may be amended after the expiration of the time limited for the filing of claims where it is necessary or desirable to accomplish complete justice between the parties, the original statement shows a claim (or cause of action) which may be established as a valid one, upon which an amendment can be predicated, the character and identity of the claim (or cause of action) is not changed, unrelated increases in the sum claimed are not included, and the proposal is not contrary to the provisions of the probate statute, as construed, but rather in harmony with applicable curative or jeofailes statutes permitting amendments to pleadings, etc., in proper civil cases.
 If any uncertainty remains, it is incumbent on the personal representative to call for clarification, either by a motion to make more definite and certain, or motion for a bill of particulars.
160 So.2d at 678-80.
The substantial compliance rule of Central Optical was followed in Stuart C. Irby Company v. Patton, Administrator,301 So.2d 845 (Miss. 1974). See also, Annotation, Amendment ofClaim Against Decedent's Estate After Expiration of Time forFiling Claims, 56 A.L.R.2d 627 (1957).
Strict compliance with statutes relating to probate of claims against estates so as to defeat a just claim is no longer a controlling principle of interpretation. See Williams v. Mason,556 So.2d 1045, 1050 (Miss. 1990); Ethridge v. Estate of Paul,196 So.2d 530, 532 (Miss. 1967).
In 1991, pending appeal of this case, § 91-7-149 was amended by the legislature to delete the requirement of filing the original promissory note. The amended statute now provides in pertinent part:
 If the claim be based upon a promissory note, the creditor shall file with his claim either the original thereof or a duplicate of such original in the discretion of the creditor. If the original writing is presented to the clerk, it may be withdrawn by the creditor, and the clerk shall make a duplicate thereof. No specific writing or certificate shall be required to be made by the clerk on either the original writing or the duplicate retained by the clerk.
It is apparent that the actions of Bell complied with the amended statute.
What is the effect of the amended statute in resolving the present issue? When cases are in the bosom of this Court and there is involved a statute that is modified prior to a final decision of this Court, we take that modification into consideration. Parker v. Bailey, 437 So.2d 33 (Miss. 1983).
In City of Clarksdale v. Miss. Power Light Co.,556 So.2d 1056, 1057 (Miss. 1990), we held that because the City's right of eminent domain was a creature of statute under well settled law, an amendment to the statute should be treated as though it had been a part of the original statute. In City of Clarksdale, we further said:
 It is also the general rule that where a statute affects only the mode of procedure, and not the substantive rights of parties, it applies to pending actions. 77 A.L.R. 1346, and cases cited; 73 Am.Jur.2d Statutes, § 354; Johnson v. State, 371 So.2d 556 (D.2 Fla.App. 1979).
556 So.2d at 1057.
In Deposit Guaranty Bank Trust Co. v. Williams, 193 Miss. 432, 9 So.2d 638 (1942), we were presented with the question of the effect of an amendment to our usury statute on transactions occurring prior to the amendment. In holding that the amendment applied retrospectively, we stated:
 Many decisions in this state have affirmed the rule, which generally prevails that a statute modifying a previous statute has the same effect as though the statute all the while previously existed in the same language as that contained in the modified statute, unless the . . . modifying statute contains a savings clause. Defenses on account of usury are not a part of the common law. They are solely the creations of statute, and such statutes are in the nature of regulations in the public interest. Although a right *Page 533 
conferred solely by statute in the public interest may have accrued before . . . modification, it does not follow that the accrued right in such a case is a vested right, in the constitutional sense. There is no vested right in the usury laws, which, therefore, may be repealed or changed so as to affect causes of action and defenses even in pending suits.
9 So.2d at 639.
That same rule was followed in Stone v. Independent LinenService Co., 212 Miss. 580, 55 So.2d 165, 168 (1951).
Remedial statutes relating to remedies which do not take away vested rights but only operate in furtherance of the remedy do not come within the general rule against retrospective operation of statutes. 73 Am.Jur.2d, Statutes, § 354 (1974).
Just as there is no vested right in usury laws, there is no vested right in probate laws, particularly when the right asserted is a right to defeat a just debt. We are inclined to the view that the executrix here has no vested right in this case.
In Rippe v. City of Rochester, 57 A.D.2d 723, 395 N.Y.S.2d 556, 557 (1977), the New York court addressed the effect of a statutory amendment enacted subsequent to the trial court's order. In applying the amendment retroactively, the New York court stated:
 Although the applicability of this amendment to the facts of this case was not raised below, we must take judicial notice of its passage [citations omitted] and we consider its applicability sua sponte.
 The amendment . . . is both procedural . . . and remedial . . . in nature. Such amendments constitute exceptions to the general rule that legislative enactments are not to be given retroactive operation. [citations omitted]. Accordingly, the amendment may be applied to this case.
We are of the opinion therefore that the 1991 legislative amendment of § 91-7-149 should be given retroactive operation and applied to this case.
The executrix, by cross-appeal, seeks to affirm disallowance by the trial court of Bell's claim on the merits. The chancellor's order, however, hinges on affirmance of its decision denying Bell's motion to amend the affidavit to probate.
We hold that the chancellor should have allowed the amendment attempted by Bell. We, therefore, remand this case to the Chancery Court of Warren County, Mississippi, for a determination of the claim of Bell on its merits.
REVERSED AND REMANDED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, PITTMAN, BANKS and McRAE, JJ., concur. *Page 927